[No. 40722.    En Banc.    May 20, 1970.]

P. B. INVESTMENT COMPANY, INC., *Respondent,* v. KING COUNTY, *Appellant.*\*

*Charles O. Carroll, James E. Kennedy,* and *William L. Paul, Jr.,* for appellant.

*Williams & Poll,* by *Harvey S. Poll* and *Earl P. Lasher, III,* for respondent.

McGOVERN, J.—King County appeals from a summary judgment against it in the amount of $2,385.99, which sum

\*Reported in 469 P.2d 893.

represents 1967 real property taxes plus interest paid under protest by plaintiff.

April 20, 1966 plaintiff entered into a real estate contract for the purchase of certain real property from the Salvation Army. Under the terms of the contract, plaintiff paid $10,000 down on the purchase price, but the Salvation Army was entitled to remain in possession of the property for the next succeeding 7 months. An additional $70,000 was payable by plaintiff when the Salvation Army relinquished possession. A deed in fulfillment of the contract was executed contemporaneously with the contract but the deed was retained by the seller pending its delivery to the purchaser when the contract was fulfilled. December 30, 1966 the deed was delivered to the King County Auditor and recorded for the benefit of plaintiff.

For the assessment years prior to 1966, the Salvation Army had claimed a tax exemption for the property and the exemption had been allowed by the county. May 2, 1966 a list of its properties claimed as exempt was delivered to the King County Assessor by the Salvation Army. Included on that list was the property in question. The claim of exemption for the property involved in this action was denied and the Salvation Army was notified accordingly by letter of May 13, 1966. The King County Assessor made an omitted assessment of the property on May 10, 1966.

With respect to real property which it has previously treated as exempt, does a county assessor have the authority to deny in May of the assessment year the exempt status of that property for purposes of the following year's levy? Plaintiff's theory, adopted by the trial court, is that the first day of January of the assessment year is the crucial date for the determination of all issues regarding the taxability of property. Plaintiff refers to RCW 84.40.020, which reads in part:

> All real property in this state subject to taxation shall be listed and assessed every year, with reference to its value on the first day of January of the year in which it is assessed. All personal property in this state subject to taxation shall be listed and assessed every year, with

reference to its value and ownership on the first day of January of the year in which it is assessed . . .

Plaintiff argues that because the property was still owned by the Salvation Army on January 1, 1966 and because it was then being used for purposes which qualified it for exemption, it should have been listed as exempt property for the assessment year of 1966 and thus should have been exempt from the 1967 levy. Plaintiff contends that there is no statutory authority for the assessor to reassess property which is listed as exempt on January 1 of the assessment year.

King County argues that the trial court erred in accepting plaintiff's theory of the law on that issue. The county contends that while the value of real property is assessed with reference to January 1 of the assessment year, that date is not determinative of the exemption status of the property.

■ On this issue we agree with King County. While RCW 84.40.020 intends to insure fairness in the assessment process by requiring that all assessments refer to the value of property on a fixed date, January 1, it is clear that the real property tax statutes contemplate that the making of assessments will occur over a considerable period of time. RCW 84.40.040 states in part:

> The assessor shall begin the preliminary work for each assessment not later than the first day of December of each year in all counties in the state. He shall also complete the duties of listing and placing valuations on all property by May 31st of each year . . .

The procedure for the listing of exempt property is detailed in RCW 84.40.175:

> At the time of making the assessment of real property, the assessor shall enter each description of property exempt under the provisions of RCW 84.36.005 through 84.36.060, and value and list the same in the manner and subject to the same rule as he is required to assess all other property, designating in each case to whom such property belongs, and for what purpose used, to entitle it to exemption, and he shall require from every person

claiming such exemption proof of the right to such exemption.

These provisions indicate that claims of exemption are not determined with reference to January 1, as urged by plaintiff. Instead, the exemption determinations are made at the time of making the assessment of real property, which time extends from December until the 31st of May.

The claim of exemption for this property was denied and the property was added to the tax roll on May 13, 1966. By the terms of RCW 84.36.005, if a claim of exemption for an assessment year is properly denied, the property necessarily qualifies for the tax roll for such assessment year. RCW 84.36.005 reads as follows:

> All property now existing, or that is hereafter created or brought into this state, shall be subject to assessment and taxation for state, county, and other taxing district purposes, upon equalized valuations thereof, fixed with reference thereto on the first day of January at twelve o'clock meridian in each year, excepting such as is exempted from taxation by law.

King County argues that the omitted property section, RCW 84.40.080, provides authority for placing the property back on the tax roll. However, since the property in controversy has remained continuously on the assessment list, the omitted property section does not apply here. The necessary authority for placing the property on the 1967 tax roll is found in RCW 84.36.005.

Under the provisions of RCW 84.40.020 and RCW 84.40.175, the denial of the claim of exemption was timely. However, whether the assessor was correct in determining that no grounds for exemption existed is still in issue. In addition to arguing that the assessor acted without statutory authority, plaintiff also argues that the claim of exemption should have been granted because the Salvation Army remained in title and in possession of the property until December 30, 1966.

We agree with plaintiff. The exemptions chapter on property taxation, RCW 84.36, is clear in demonstrating that use and possession are intended to be crucial in ex-

emption determinations. This intention is also evident in RCW 84.40.230, relating to contracts to purchase public land, which states that the possession and use, rather than mere legal retention of title, should be determinative of the exemption issue. Certainly in the instant case, where the Salvation Army retained both title and possession, the claim of exemption should have been granted.

In addition to making substantive arguments on the issue of the exemption, King County argues that plaintiff is barred from bringing this action by the terms of RCW 84.68.060. The statute reads:

> No action instituted pursuant to this chapter or otherwise to recover any tax levied or assessed shall be commenced after the 30th day of the next succeeding June following the year in which said tax became payable.

The taxes in question were payable in 1967. Defendant, therefore, argues that the action to recover those taxes should have been commenced before June 30, 1968. Since plaintiff did not commence this action until September 1968, King County argues that the action is barred by law.

Plaintiff acknowledges the general application of RCW 84.68.060 to the entire section of property taxes. It asserts, however, that the last section of RCW 84.40.080, the omitted property section, is applicable in this case. That section reads in part:

> When such an omitted assessment is made, the taxes levied thereon may be paid within one year of the due date of the taxes for the year in which the assessment is made without penalty or interest.

This means that the 1967 taxes would be payable without penalty in February of 1968 and that the statute of limitations would therefore be extended until June 30, 1969.

We agree with the plaintiff. Although we have found that the omitted property assessment was unnecessary, nonetheless it is undisputed that such an assessment was in fact made. Since the county did make an omitted assessment of the property, it cannot now successfully argue that the extension of the statute of limitations allowed in the omitted property section is not applicable. We find, there-

fore, that the plaintiff's action was commenced within the period of time authorized by law.

For the reasons stated, the summary judgment in favor of the plaintiff is affirmed.

ALL CONCUR.