[No. 1490-2.　Division Two.　June 3, 1975.]

TIMBER TRADERS, INC., *Respondent*, v. KEN JOHNSTON *et al*, *Appellants*.

*Donald F. Herron, Prosecuting Attorney,* and *Michael B. Hansen, Deputy,* for appellants.

*Lawrence B. Bailey* (of *Quigley, Hatch, Loveridge & Leslie*), for respondent.

ARMSTRONG, C.J.—Pierce County appeals from a summary judgment permanently enjoining assessment and collection of certain ad valorem property taxes levied on standing timber. The primary issue presented is: for personal property tax purposes is the status (exempt or nonexempt) of personal property transferred from an exempt to a nonexempt owner determined as of January 1 of the year of assessment or as of the date of assessment? We find that the case of *Star Iron & Steel Co. v. Pierce County,* 81 Wn.2d 680, 504 P.2d 770 (1972), *aff'g* 5 Wn. App. 515, 488 P.2d 776 (1971), where it was held that ownership is to be determined as of the date of assessment, is controlling.

The facts are uncontroverted. On December 19, 1972, the State of Washington called for bids on certain standing timber, and a public auction was held, at which Timber Traders was the highest bidder. Pursuant to statute, the bid was referred to the Commissioner of Public Lands, who proceeded to determine whether the sale to Timber Traders would be confirmed. RCW 79.01.204; RCW 79.01.212. The bid was accepted and on January 23, 1973, a bill of sale was executed. In February 1973, a personal property tax of $39,650 was assessed against the timber. Timber Traders sought an injunction against assessment and collection of the tax, which was granted by the trial court on summary judgment.

A preliminary issue which must first be considered is on what date Timber Traders acquired an ownership

interest in the personal property. Timber is not personal property for purposes of taxation until it is held or owned separately from ownership of the land on which it stands. RCW 84.04.080. The latest Washington Supreme Court pronouncement on whether standing timber is "owned" or "held" is *Wasser & Winters Co. v. Jefferson County*, 84 Wn.2d 597, 528 P.2d 471 (1974). There the court stated at page 599:

> [T]he person assessed need not have a perfect and unencumbered title to the property but only . . . he should be vested with the apparent legal title, or with the possession coupled with such claims and evidence of ownership as will justify the assumption that he is the owner.

The court held that the private buyer from the state did have the requisite incidents of ownership. It relied upon the fact, that (1) the contract between the parties purported to sell and convey title, (2) the risk of loss was placed with the buyer, and (3) the buyer had an interest which he was able to convey to another. These incidents of ownership were not present in the case at bar until January 23, 1973. The auctioneer's acceptance of the bid did not give Timber Traders any right to the timber since the bid could have been rejected by the Commissioner of Public Lands. The sale was not final and Timber Traders could not remove the timber until the bill of sale was executed. We hold that Timber Traders did not have ownership for taxation purposes until January 23, 1973.

The primary isssue in the case at bar involves the construction of RCW 84.40.020, which states in relevant part:

> All real property in this state subject to taxation shall be listed and assessed every year, with reference to its value on the first day of January of the year in which it is assessed. . . . All personal property in this state subject to taxation shall be listed and assessed every year, with reference to its value and ownership on the first day of January of the year in which it is assessed:
> . . .

Timber Traders maintains that the trial court's ruling was

correct because this statute makes it clear that the status of the standing timber was to be determined as of January 1, 1973, not as of the date it was assessed.

■ *Star Iron & Steel Co. v. Pierce County, supra,* involved the same issue presented here, the only difference being that there the property was transferred from a nonexempt to an exempt owner between January 1 of the assessment year and the date of assessment. We are not persuaded that there is any reason for a different rule where the property is transferred from an exempt to a nonexempt owner, as in the case at bar. In *Star Iron,* the Supreme Court adopted the rationale and opinion of the Court of Appeals decision in the case. The Court of Appeals first noted that in *P.B. Investment Co. v. King County,* 78 Wn.2d 81, 469 P.2d 893 (1970), the Supreme Court held that the exempt status of real property was to be determined as of the date it is actually valued and assessed. It went on to state that no compelling reason was advanced for giving a different construction to the personal property portion of RCW 84.40.020. Timber Traders argues that the personal property tax statute calls for a different rule to be applied to personal property than to real property.[1] However, we feel bound by the Supreme Court's decision in *Star Iron & Steel Co. v. Pierce County, supra.*

The judgment is reversed.

PEARSON and PETRIE, JJ., concur.

Petition for rehearing denied July 15, 1975.

Review granted by Supreme Court September 23, 1975.

---

[1] In granting summary judgment, the trial court relied upon the fact that relative to personal property, RCW 84.40.020 states that the tax is to be assessed with reference to its "value and ownership" as of January 1, while the language used relative to real property is "value" as of January 1. This argument, however, was considered and apparently rejected by the majority in. *Star Iron & Steel Co. v. Pierce County,* 81 Wn.2d 680, 504 P.2d 770 (1972).