**SOUTH IOWA METHODIST HOMES, INC., Appellee,**

v.

**BOARD OF REVIEW OF CASS COUNTY, Iowa, Appellant.**

No. 85–1745.

Supreme Court of Iowa.

Oct. 15, 1986.

Frank W. Pechacek, Jr. and Randy R. Ewing of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellant.

John R. Mackaman and Bruce J. Toenjes of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellee.

Thomas J. Miller, Atty. Gen., and Harry M. Griger and Marcia Mason, Asst. Attys. Gen., for amicus curiae Iowa Dept. of Revenue.

NEUMAN, Justice.

In this appeal from a summary judgment entered in a certiorari action, we consider which of two statutory schemes, chapter 427 or chapter 441 of the 1985 Code of Iowa, dictates the process by which a tax exempt status previously enjoyed by a property owner may be revoked.

Plaintiff South Iowa Methodist Homes, Co. Inc. (SIMH) is the owner of real estate located in Atlantic, Cass County, Iowa. In January 1983, and in preceding years since SIMH acquired ownership of the real estate, it had filed with the county assessor a duly verified statement of objects and uses as required by section 427.1(23) of the relevant Iowa Code. Each year, SIMH's claim for exemption had been allowed, based on the property's use for religious, charitable or benevolent purposes.

A Code amendment enacted in 1983 eliminated the requirement of annual filings for property on which a claim of exemption had been previously filed and allowed, so long as the property continued to be used for the purposes specified in the original claim for exemption. 1983 Iowa Acts ch. 178 (codified at Iowa Code § 427.1(23) (1985)). Nevertheless, in January 1985, the Cass County assessor requested that SIMH file a statement of objects and uses. SIMH complied, reciting the same objects and uses for the property as in former years.

Subsequently, the Cass County Board of Review (board) partially denied this "application" for property tax exemption filed by SIMH, asserting insufficient evidence that the property was being used for charitable purposes.

SIMH protested the action of the board and after hearing, the board affirmed its previous action. SIMH then filed a petition for writ of certiorari in the district court, claiming that the board's action taken pursuant to section 441.35(2) was illegal and beyond its jurisdiction, reasoning that an exemption once allowed may only be revoked by following the provisions of section 427.1(26) by application to, or action of, the Director of Revenue. In a subsequent hearing on plaintiff's motion for summary judgment, the trial court entered judgment in favor of SIMH, concluding that the board's action was not within the jurisdiction conferred by statute upon a county board of review. We agree with the trial court and affirm.

The facts are not in dispute and thus the issues were properly raised and decided by summary judgment. Iowa R.Civ.P. 237(c). Because the case involves a jurisdictional challenge to a county board of review's exercise of its judicial function, the plaintiff properly sought a writ of certiorari. Iowa R.Civ.P. 306; *Curtis v. Board of Supervisors of Clinton County*, 270 N.W.2d 447, 449 (Iowa 1978).

The question posed by the SIMH protest and this appeal is not whether the property owned by SIMH is entitled to a property tax exemption, but whether the board of review acted legally in proceeding under section 441.35(2) to revoke SIMH's previously exempt status. Section 441.35(2), upon which the board relies, authorizes the board of review "[t]o add to the assessment rolls any taxable property which has been omitted by the assessor." The trial court found that this "omitted property" power did not authorize the board's action with regard to property previously enjoying an exempt status. We agree.

The board's entire argument rests on the premise that *exempt* property equals *omitted* property, an equation apparently derived from the following Department of Revenue ruling which has been incorporated into a Department of Revenue guidebook for local boards of review:

*Previously exempt property.* Property which has been erroneously determined to be exempt from taxation may be restored to taxation by the making of an omitted assessment. See *Talley v. Brown,* 146 Iowa 360, 125 N.W. 243 [248] (1910). An omitted assessment is also made to restore to taxation previously exempt property which ceases to be eligible for an exemption.

730 Iowa Admin.Code § 71.25(1)(b); *accord,* § 71.20(3)(b).

Ordinarily, we give great weight to an agency's construction of a statutory provision that it is charged with enforcing. *State ex rel. McElhinney v. All-Iowa Agricultural Association,* 242 Iowa 860, 868, 48 N.W.2d 281, 285 (1951). However, in this case we are compelled to reject both the Department of Revenue's interpretation of *Talley v. Brown, supra,* and the board's resultant suggestion that the words *omit* and *exempt* are synonymous in the context of a property tax assessment.

First of all, *Talley* was not an exemption case. In *Talley,* the county assessor omitted from the tax rolls a contingent claim to fire insurance proceeds in the belief that the claim did not constitute personal property subject to taxation. We held that the assessor's decision was no obstacle to the subsequent determination by the county treasurer that the claim was a chose in action subject to taxation. The decision discussed at length the importance of a four-tier system of checks and balances involving the assessor, treasurer, auditor and board of review, designed to insure that no property, real or personal, escaped taxation. An important distinction was drawn, however, between property carelessly or deliberately overlooked, and property previously determined to be exempt from taxation:

Of course, property declared nontaxable by a tribunal on which authority to decide has been conferred is not omitted property within the meaning of the law for it has been adjudged otherwise.

125 N.W. at 254.

In the seventy-six years since *Talley* was decided, society and the tax system have changed markedly. Under the present system, the emphasis has shifted from locating property and preventing corrupt officials from overlooking its existence, to debate over valuation and exemption. In 1910, it was undoubtedly difficult to discover all property "real and personal" including " ... bank bills, government currency, property or labor due from solvent debtors on contract or judgment, mortgages or other like securities" and "every claim or demand due or to become due for money, labor, or other valuable thing, and all money or property of any kind secured by deed ..." not to mention, "[a]ccounts, contracts for cash or labor ... [and] choses in action." Iowa Code §§ 1308–1310 (1910); *Talley* at 249. With so much property to find and assess, the legislature understandably enacted a system in which more than one elected official monitored the assessor's responsibility to see that no property escaped taxation. The primarily real property based system of taxation in existence today has substantially reduced that effort. *See generally* Iowa Code § 427A.10 (1985 Supp.) (all personal property tax is eliminated on July 1, 1987.) Nevertheless, the backup system still functions when property is omitted. *Okland v. Bilyeu,* 359 N.W.2d 412, 414 (Iowa 1984) (assessor, unaware of a building on property, listed the property as taxable upon its discovery, in accordance with his omitted property power).

This brings us to our fundamental disagreement with the the board's argument that the term "exempted" could be substituted for the term "omitted" in section 441.35(2) as applied to this case. In this connection, we are guided by our rule that precise and unambiguous language should be given its plain and rational meaning.

*LeMars Mutual Ins. Co. v. Bonnecroy*, 304 N.W.2d 422, 424 (Iowa 1981).

We quote with approval from the board's brief a variety of definitions of the word "omit":

*Ballantines Law Dictionary* 3rd Ed. (1969) defines "omitted property" as property which has escaped taxation. *Websters Third New International Dictionary* unabridged 1574 (1976) defines omit to mean "to leave out or leave unmentioned; fail to insert, include, or name; to fail to perform or make use of; leave alone or undone; to leave unnoticed or unregarded; to refrain or cease from keeping; let go." Additionally, *Burton's Legal Thesaurus* 356 (1980) provides the following synonyms for the term "omit": abstain from inserting; count out; delete; discard; drop; exclude; fail to include; fail to insert; fail to mention; leave out; leave undone; miss; neglect; pass by; pass over.

In contrast, we find that the word "exempt" as defined in *Black's Law Dictionary* 513 (5th ed. 1979) means "To release, discharge, waive, relieve from liability." Recent case law from our neighboring state of North Dakota furnishes us with another definition:

The word "exempt" has a plain and common meaning. As applied, it means "freedom from the burden of enforced contributions to the expenses and maintenance of government, or an immunity from a general tax." [Citation omitted]. It is a special freedom from taxation imposed on others, a dispensation. [Citation omitted].

*William Clairmont, Inc. v. North Dakota*, 261 N.W.2d 780, 784–85 (N.D.1978).

The undisputed facts in the case before us reveal that the property owned by SIMH was not hidden, left off the tax rolls, disregarded, or overlooked. No change in use of the property had occurred. The board of review simply changed its opinion as to whether the property still qualified for the tax exempt status approved by the same tribunal in former years. Our legislature provides a means of challenging such an exemption in chapter 427, the same chapter which prescribes the terms upon which an exemption may be allowed:

*Revoking exemption.* Any taxpayer or any taxing district may make application to the director of revenue for revocation for any exemption, based upon alleged violations of the provisions of this chapter. The director of revenue may also on the director's own motion set aside any exemption which has been granted upon property for which exemption is claimed under this chapter. The director of revenue shall give notice by certified mail to the societies or organizations claiming an exemption upon property, exemption of which is questioned before or by the director of revenue, and any order made by the director of revenue revoking or modifying such exemption shall be subject to judicial review in accordance with the terms of the Iowa administrative procedure Act.

Iowa Code § 427.1(26) (1985).

By vesting power to revoke exemptions with the department of revenue, the legislature provided for consistency and predictability in the exemption system where the focus is not on finding or defining property (as in *Talley*) but on determining the legal effect of a property's declared use. See generally *Tacoma Goodwill Industries Rehabilitation Center, Inc. v. Pierce County*, 10 Wash.App. 197, 518 P.2d 196, 197 (1973) in which the Washington Court of Appeals held that omitted property did not include property erroneously determined exempt, concluding that "to hold otherwise would be to introduce another uncertainty into an already uncertain area."

Likewise, the legislative scheme expressed in section 427.1(26) recognizes that the expertise to pass on issues of property tax exemption rests with the department of revenue, while boards of review exist primarily to pass on questions of property valuation. § 441.35(1). The composition of the board of review reflects this purpose, as the statute commands:

As nearly as possible this board shall include one licensed real estate broker

and one registered architect or person experienced in the building and construction field. In the case of a county, at least one member of the board shall be a farmer.

Iowa Code § 441.31 (1985).

In summary, we conclude that the Cass County Board of Review had no jurisdiction under section 441.35(2) to revoke the tax exempt status of all or part of the SIMH property. In order for a taxing district to revoke an exemption, application must be made to the director of revenue in accordance with section 427.1(26). In proceeding otherwise, it acted illegally and the decision of the trial court granting the writ of certiorari must be affirmed.

AFFIRMED.

All Justices concur except LARSON, J., who takes no part.