**In the Matter of GUARDIANSHIP and CONSERVATORSHIP OF Dawn CAVIN and Tina Cavin.**

**Appeal of Dawn CAVIN and Tina Cavin.**

**No. 68580.**

Supreme Court of Iowa.

May 18, 1983.

Michael D. Holt of Barker, McNeal, Wiese & Holt, Iowa Falls, for appellants.

Roland K. Landsness of Cambridge, Feilmeyer, Landsness, Chase, Anderson & Wells, Atlantic, for appellee conservators and guardians.

Considered by HARRIS, P.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

McCORMICK, Justice.

The question here concerns the duty of conservators to account for social security benefits paid to them for their wards. Judy A. Ireland and her husband Gary Ireland were conservators and guardians of minor children Dawn Cavin and Tina Cavin

from January 1977 until October 1981. They were also representative payees for survivorship social security benefits payable to the wards during that period. They did not account for the social security benefits in the conservatorship. When the wards objected to their final report on that ground and moved for summary judgment requiring an accounting, they filed a conclusory affidavit reciting that they deposited the social security check in their personal checking account and from that account "made payment for all shelter, food, clothing, school supplies and school expenses, doctors expenses, hospital expenses and dental expenses." The trial court held that this was a sufficient accounting and, as a result, overruled the motion for summary judgment. Upon this appeal by the wards, we reverse and remand.

The conservators contend that they were not required to account for the social security benefits and that, even if they were, their accounting was sufficient. Their first contention has two bases. They allege the social security funds were not conservatorship assets, and they allege it would be inconsistent with federal regulations for the state to require an accounting for them.

■ Conservatorship accounting requirements are delineated in Iowa Code sections 633.670 and 633.671 (1983). Conservators are required to account for "all amounts received from whatever source during the period covered by the accounting period." § 633.671(1). They must account for "[a]ll disbursements" made during the same period. § 633.671(2). No exception is made for social security benefits. Moreover, pursuant to the definition in section 633.3(15), the wards' estate included "any accretions or additions thereto . . . ." Social security benefits payable to the wards are plainly conservatorship assets that must be accounted for by the conservators under Iowa law.

■ In asserting that this requirement is inconsistent with federal regulations, the conservators rely upon regulations requiring them to account to the social security administration for their use of the social security funds received by them as representative payees. At most these regulations impose a concurrent accounting duty on the conservators. They reinforce rather than contradict the accounting duty imposed by state law. This is not a situation where state regulations are invalid under the supremacy clause because they contravene federal law. *Cf. Oberschachtsiek v. Iowa Department of Social Services,* 298 N.W.2d 302, 304 (Iowa 1980) ("State regulations which contravene the federal regulatory scheme are invalid under the supremacy clause."). We find no conflict between the federal and state duties to account for social security benefits.

The wards attack the conservators' alternative contention concerning the sufficiency of the accounting on two grounds. They assert the court erred at the hearing on the motion for summary judgment in granting the conservator additional time within which to file an affidavit in resistance. In addition they assert that the conclusory recitals in the affidavit do not, as a matter of law, constitute a sufficient accounting.

■ The trial court's decision to allow additional time for the filing of an opposing affidavit was discretionary. *Moser v. Thorp Sales Corp.,* 312 N.W.2d 881, 891 (Iowa 1981). We find no abuse of discretion here.

■ We cannot agree, however, with the trial court ruling that the recitals in the affidavit were a sufficient accounting. The affidavit did not specify any amounts received or disbursed. It recited general purposes for expenditures without identifying any amount spent on any one occasion for any one purpose. To comply with section 633.671(1), it was necessary for the conservators to specify the amounts received. To comply with section 633.671(2), it was necessary for them to list all disbursements.

We hold that the court erred in ruling that the affidavit constituted a sufficient accounting. No issue of fact existed concerning the conservators' duty to account, and therefore the court erred in overruling the motion for summary judgment to require an accounting. The case must be

reversed and remanded for entry of an order requiring an accounting to be made.

■ We recognize that it may be difficult for the conservators to reconstruct in perfect detail every expenditure made for the wards from the conservators' personal checking account for the four-year period involved. This problem results from the self-dealing inherent in their indiscriminate mingling of conservatorship and personal funds. Obviously some of the expenditures will have to be estimated. Within reasonable practical limits, however, the conservators have the burden to make an accounting. *See Suplee v. Stonebraker,* 195 N.W.2d 678, 683 (Iowa 1972). They fell far short of meeting this burden in their affidavit resisting summary judgment. When they have made their attempted accounting, the wards will have an opportunity through discovery and hearing to test its sufficiency.

REVERSED AND REMANDED.