Jeffrey S. WARFORD and Joseph P.
Johnston, Appellants,

v.

DES MOINES METROPOLITAN TRAN-
SIT AUTHORITY and Trenton
Wesley Jennings, Appellees.

No. 84–995.

Supreme Court of Iowa.

Feb. 19, 1986.

Allan H. Rauch, Des Moines, for appellants.

Ross A. Walters and Eric F. Turner, of Herrick, Langdon & Langdon, Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

Plaintiffs appeal from trial court's order granting defendants' motion to dismiss. We reverse and remand for further proceedings.

February 5, 1982, plaintiffs Jeffrey S. Warford and Joseph P. Johnston were injured when a bus owned and operated by

Des Moines Metropolitan Transit Authority (MTA) struck their vehicle. February 3, 1984, plaintiffs filed an action against Trenton Wesley Jennings, driver of the bus, and MTA, alleging negligent operation of the bus proximately caused their injuries. Defendants responded by filing a motion to dismiss.

In their motion defendants alleged MTA was a municipality within the meaning of Iowa Code chapter 613A (Tort Liability of Governmental Subdivisions), and further that plaintiffs failed either to sue within six months of the accident or plead compliance with the sixty-day written notice requirement of section 613A.5. Defendants asserted plaintiffs' petition should be dismissed for failure to state a claim upon which relief could be granted. Plaintiffs' resistance alleged MTA was not a municipality and therefore chapter 613A did not apply.

Trial court granted defendants' motion to dismiss. Relying on an unidentified agreement which by its terms created MTA, the court determined MTA was a municipality within the meaning of chapter 613A. Because plaintiffs conceded they had failed to comply with the notice provision of chapter 613A, the court concluded their action could not be maintained. *See* Iowa Code § 613A.5 (1981) (barring such an action when notice and time requirements are not met).

Plaintiffs contend trial court erred when it relied on the MTA agreement in determining the entity was a municipality. Plaintiffs argue the well-pleaded facts of their petition stated a claim upon which relief could be granted. Thus, they contend trial court erred in granting defendants' motion to dismiss.

I. Our rules for review of a motion to dismiss are well settled. We are limited to the issues raised and allegations contained in the petition. The well-pleaded facts are taken as true, and any ambiguity or uncertainty in the pleading is resolved in favor of the party resisting the motion. *Hoefer v. Sioux City Community School District*, 375 N.W.2d 222, 223 (Iowa 1985). Under our notice pleading rule, Iowa R.Civ.P. 69(a), the pleading of ultimate facts is not required. The petition must only give the defendants fair notice of the claim being asserted. *Adam v. Mount Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 870–71 (Iowa 1984). Moreover, the motion to dismiss cannot allege new facts not found in the pleadings unless judicial notice can be taken of the additional facts. *Hoefer*, 375 N.W.2d at 223. Finally, "[a] motion to dismiss is sustainable only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts provable under the allegations." *Curtis v. Board of Supervisors*, 270 N.W.2d 447, 448 (Iowa 1978).

■ II. In some way that is not apparent in the record, trial court obtained what it identified as a copy of the intergovernmental agreement creating MTA. The agreement purports to be made pursuant to Iowa Code chapter 28E and to be signed by political subdivisions in the Des Moines area. It was not referred to, however, in the petition, nor was it attached to that pleading. Trial court could not take judicial notice of the agreement because it is not the type of evidence that is "common knowledge or capable of certain verification." *In re Marriage of Tresnak*, 297 N.W.2d 109, 112 (Iowa 1980) (quoting *Motor Club of Iowa v. Department of Transportation*, 251 N.W.2d 510, 517 (Iowa 1977)). Consequently, trial court should not have considered the agreement in its disposition of defendants' motion because it was outside the petition and not subject to judicial notice.

III. Nor can trial court's consideration of the intergovernmental agreement be approved by treating the motion to dismiss as a motion for summary judgment. Defendants argue that if this court should reverse they would immediately file a motion for summary judgment with the district court. Therefore, defendants contend we should conserve judicial resources by treating the motion to dismiss as a motion for summary

judgment, permitting trial court to consider the agreement.

The Federal Rules of Civil Procedure specifically provide for treating a motion to dismiss as a motion for summary judgment under certain circumstances so that matters outside the pleadings can be considered. Fed.R.Civ.P. 12(b); *see Berger v. General United Group, Inc.*, 268 N.W.2d 630, 634 (Iowa 1978). Our rules do not so provide, *compare* Iowa R.Civ.P. 104(b) *with* Fed.R.Civ.P. 12(b), and in the past we have rejected such treatment. *See Berger,* 268 N.W.2d at 634. Recently, however, we have indicated a willingness to treat a motion to dismiss as a motion for summary judgment in limited situations. *See Tigges v. City of Ames,* 356 N.W.2d 503, 510 (Iowa 1984); *Troester v. Sisters of Mercy Corp.,* 328 N.W.2d 308, 311 (Iowa 1982).

■ Nevertheless, such treatment is not justified here. The general rule is that a motion to dismiss cannot be aided by an evidentiary hearing. *Berger,* 268 N.W.2d at 634. Moreover, the first notice plaintiffs received of trial court's reliance on this agreement was through the filing of the court's ruling that granted the motion to dismiss. Plaintiffs had no opportunity to examine or object to the evidence before the court relied on it, even assuming the general rule did not apply. Trial court erred in going beyond plaintiffs' petition to rule on the motion to dismiss.

Thus we are left with the relevant allegations in plaintiffs' amended petition, which state:

That the Defendant, Des Moines Metropolitan Transit Authority, is a corporation and/or public franchise duly organized and existing under the laws of the State of Iowa or, in the alternative, is a non-incorporated private agency operating as a semi-autonomous governmental corporation formed and operating pursuant to Chapter 28E of the Code, and the Urban Mass Transportation Act of 1964 ... with its principal place of business in Polk County, Iowa.

Plaintiffs first allege MTA is a corporation "and/or" public franchise. Iowa Code section 613A.1(1) anticipates that a "municipality" will be some unit of local government, not a private corporation. Nor is a public franchise a municipality within the meaning of the statute.

We have defined public franchise

as a special privilege conferred by a government on individuals, which does not belong to the citizens of the body politic generally by common right. It is a privilege or authority vested in certain persons by grant of the sovereign, to exercise powers or to do and perform acts which, without such grant, they could not do or perform.

*Schnieders v. Incorporated Town of Pocahontas,* 213 Iowa 807, 810, 234 N.W. 207, 209 (1931) (quoting *Incorporated Town of Mapleton v. Iowa Light, Heat & Power Co.,* 206 Iowa 9, 15, 216 N.W. 683, 685 (1927)). *See also* 12 E. McQuillin, *The Law of Municipal Corporations* §§ 34.03–.04 (3d ed.1970). In addition, Iowa Code section 364.2 governs the granting of a public franchise by a city. Iowa Code § 364.2 (1981).

■ A corporation or other body does not necessarily become a municipality within the meaning of Iowa Code section 613A.1(1) when it obtains a public franchise. A public franchise is often characterized as a property right. 12 E. McQuillin, *supra,* § 34.03. The grant of a public franchise does not create a separate legal entity clothed with numerous municipal powers. While a franchise does give certain rights to a grantee for a limited period, the grant is usually to an existing private person or body. The franchise does not transform that body into an arm of the government. Assuming plaintiffs' first allegation is true and resolving all doubts in their favor, we cannot conclude that MTA is a municipality from the face of the petition. Therefore, failure to plead compliance with Iowa Code chapter 613A does not mandate dismissal.

Plaintiffs have made alternative allegations regarding the status of MTA. Because we find plaintiffs' first allegation is

sufficient to withstand defendants' motion to dismiss, we are not required to pass on plaintiffs' alternative allegation. *See* Iowa R.Civ.P. 69(b) ("When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."). Trial court's order granting defendants' motion to dismiss is reversed.

REVERSED AND REMANDED.