Theresa STESSMAN, Appellant,

v.

AMERICAN BLACK HAWK BROAD-
CASTING COMPANY, Appellee.

No. 86–1282.

Supreme Court of Iowa.

Dec. 23, 1987.

Mark D. Reed and Robert L. Rausch of the Rausch Law Office, Waterloo, for appellant.

W. Louis Beecher of Beecher, Beecher, Holmes & Rathert, Waterloo, and Carl A. Solano of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

In this case Theresa Stessman appeals the dismissal of her invasion of privacy action against American Black Hawk Broadcasting Company (Black Hawk). The district court granted Black Hawk's motion to dismiss after finding that the facts contained in Stessman's petition did not show an infringement of her privacy. *See* Iowa R.Civ.P. 104(b). Stessman now argues that, judged under the proper scope of review, her petition does state an invasion of privacy claim on which relief can be granted. Because we find that Stessman's petition satisfies our pleading requirements, we reverse and remand for proceedings consistent with this opinion.

Stessman's petition alleges that, while dining in a restaurant, she asked a television reporter working for Black Hawk not to film her. The reporter filmed her nonetheless, and the film was later broadcast on a television station owned by Black Hawk. The petition goes on to claim that the actions of Black Hawk, through its agents and employees, "were an unreasonable interference with Plaintiff's right in

not having her affairs known to others or her picture shown on [television]." Because of this invasion of her "right to privacy," Stessman asks for damages. The district court found that these allegations "failed to state a cause of action," and it dismissed the case upon Black Hawk's motion.

On appeal, Stessman asserts that the dismissal was improper because the petition alleges facts which could conceivably show at least one of the four types of privacy invasion: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's likeness; (3) unreasonable publicity given to another's private life; or (4) publicity that unreasonably places another in a false light before the public. Black Hawk, on the other hand, contends that the facts alleged failed to state the elements of a privacy action, so that the dismissal was proper.

### I. *Scope of Review.*

■ Under the notice pleading requirements of Iowa Rule of Civil Procedure 69(a), a petition must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." The plaintiff does not need to identify a specific legal theory but must simply state the prima facie elements of a claim so as to give fair notice to the defendant. *Unertl v. Bezanson,* 414 N.W.2d 321, 324 (Iowa 1987); *Soike v. Evan Matthews & Co.,* 302 N.W.2d 841, 842 (Iowa 1981). The pleading of "ultimate facts" is clearly not required. *Warford v. Des Moines Metro. Transit Auth.,* 381 N.W.2d 622, 623 (Iowa 1986).

When we review a petition that has been dismissed upon a rule 104(b) motion, we consider it in the light most favorable to the plaintiff and resolve all doubts and ambiguities in the plaintiff's favor. *Unertl,* 414 N.W.2d at 324; *Schreiner v. Scoville,* 410 N.W.2d 679, 680 (Iowa 1987); *Curtis v. Board of Supervisors,* 270 N.W.2d 447, 448 (Iowa 1978). The allegations of the petition are taken as true. *Warford,* 381 N.W.2d at 623. We will uphold such a dismissal

only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts provable under the allegations....

The motion [to dismiss] cannot be based upon facts not alleged in the pleading [that] is assailed, unless judicial notice can be taken of additional facts.

*Curtis,* 270 N.W.2d at 448 (citations omitted). Judicial notice can only be taken of evidence that is "'common knowledge or capable of certain verification.'" *Warford,* 381 N.W.2d at 623 (Iowa 1986).

As these lenient standards of pleading and review indicate, only rarely will a petition fail under a motion to dismiss. We now turn to the petition before us in this case and apply these standards.

### II. *Sufficiency of the Petition.*

We first recognized the right of privacy and an action based on it in *Bremmer v. Journal–Tribune Publishing Co.,* 247 Iowa 817, 821–22, 76 N.W.2d 762, 764–65 (1956). In that case the right was defined as "the right of an individual to be let alone, to live a life of seclusion, to be free from unwarranted publicity." *Id.* at 821, 76 N.W.2d at 764.

Since then we have adopted and applied the principles of the privacy invasion tort set out in the Restatement (Second) of Torts (1977). *See Anderson v. Low Rent Hous. Comm'n,* 304 N.W.2d 239, 248 (Iowa), *cert. denied,* 454 U.S. 1086, 102 S.Ct. 645, 70 L.Ed.2d 621 (1981); *Howard v. Des Moines Register & Tribune Co.,* 283 N.W.2d 289, 291 (Iowa 1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980); *Winegard v. Larsen,* 260 N.W.2d 816, 822 (Iowa 1977). Restatement section 652A(2) provides that

[t]he right of privacy is invaded by

(a) unreasonable intrusion upon the seclusion of another ...; or

(b) appropriation of the other's name or likeness ...; or

(c) unreasonable publicity given to the other's private life ...; or

(d) publicity that unreasonably places the other in a false light before the public. . . .

Stessman's petition alleges that the filming and broadcasting of the film "were an unreasonable interference with [her] right in not having her affairs known to others or her picture shown on [television]." This allegation is a concise statement of the claim of invasion of the right of privacy as it is defined in *Bremmer* and the Restatement. As such, it gives Black Hawk "fair notice" of Stessman's claim. Even so Black Hawk contends the petition still fails because, as the petition stands, there is no state of facts conceivable under which Stessman could show a right of recovery. Stessman, on the other hand, argues that based on her petition, a state of facts is conceivable under which she could show a right of recovery pursuant to at least one of the four theories of section 652A(2) of the Restatement. For the purposes of our analysis, we restrict our discussion to whether there is any conceivable state of facts provable under the intrusion on seclusion theory of section 652A(2)(a) of the Restatement.

■ To recover under this theory a plaintiff must show, first, that the defendant intentionally intruded upon the seclusion that the plaintiff "has thrown about [his or her] person or affairs." Restatement § 652B comment c; *accord Winegard*, 260 N.W.2d at 822. Second, the intrusion must be one that would be "highly offensive to a reasonable person." *Winegard*, 260 N.W. 2d at 822; *accord* Restatement § 652B. The defendant is not liable, however, if the plaintiff is already in public view. Restatement § 652B comment c.

■ Stessman contends that, based on her petition, she could conceivably recover for intrusion upon her seclusion. Black Hawk asserts, however, that Stessman cannot possibly recover under this theory because she was eating in a restaurant open to the public, where anyone could observe her. Since she did not seclude herself, Black Hawk argues, she has no ground for claiming that Black Hawk intruded upon her seclusion. The district court agreed:

The court finds no infringement on the plaintiff's right to privacy on the facts pled. Plaintiff was not in seclusion. She was in a business building open to the public. Anyone and everyone was free to walk in and see her eating there.

If we knew the situation postulated by Black Hawk and the district court to be true, Stessman might not be able to recover under this theory. *See* Restatement § 652B comment c (no liability for taking plaintiff's picture in public); W.P. Keeton, D.B. Dobbs, R.E. Keeton & D.G. Owen, *Prosser & Keeton on Torts* 855–56 (5th ed. 1984); *see also Jackson v. Playboy Enters., Inc.*, 574 F.Supp. 10, 13–14 (S.D.Ohio 1983) (publication of photograph of plaintiffs on a city sidewalk); *Neff v. Time, Inc.*, 406 F.Supp. 858, 861 (W.D.Pa.1976) (publication of photograph of plaintiff at football stadium); *Jaubert v. Crowley Post–Signal, Inc.*, 375 So.2d 1386, 1387 (La.1979) (publication of photograph of resident taken from middle of street); *Cefalu v. Globe Newspaper Co.*, 8 Mass.App.Ct. 71, 77, 391 N.E.2d 935, 939 (1979) (publication of photograph of plaintiff while he was in unemployment line), *cert. denied*, 444 U.S. 1060, 100 S.Ct. 994, 62 L.Ed.2d 738 (1980). But we do not know from Stessman's petition that she was not secluded.

It is not inconceivable that Stessman was seated in the sort of private dining room offered by many restaurants. To film a person in a private dining room might conceivably be a highly offensive intrusion upon that person's seclusion. In an analogous situation, one court pointedly observed that

the mere fact a person can be seen by others does not mean that person cannot legally be "secluded." ... Further, [plaintiff's] visibility to some people does not strip him of the right to remain secluded from others. Persons are exposed to family members and invited guests in their own homes, but that does not mean they have opened the door to television cameras.

*Huskey v. National Broadcasting Co., Inc.*, 632 F.Supp. 1282, 1287–88 (N.D.Ill.

1986) (filming of inmate in exercise cage against his wish).

Though we do not suggest that Stessman was actually secluded, nothing in the petition suggests she was not. Black Hawk's argument on this issue attempts to draw on facts outside of the petition and the proper scope of judicial notice, which arguments in favor of a motion to dismiss may not validly do. *See Curtis,* 270 N.W.2d at 448.

Moreover, we do not know from the pleadings how the film portrays Stessman. There are some matters about a person that should not be exhibited to the public because they would prove embarrassing to an ordinary person of reasonable sensitivity. *See, e.g., Daily Times Democrat v. Graham,* 276 Ala. 380, 381–84, 162 So.2d 474, 476–78 (1964) (publication of photograph showing plaintiff with her dress blown up as she was leaving a fun house at a county fair held to be an intrusion on her right of privacy); Restatement § 652B comment c. Obviously, in these circumstances, a motion for summary judgment under rule 237 rather than a motion to dismiss under rule 104(b) may be the appropriate vehicle to decide the issue.

We cannot conclude as a matter of law that no facts are conceivable under which a claim for invasion of the right of privacy could be maintained. *See Schmidt v. Wilkinson,* 340 N.W.2d 282, 285 (Iowa 1983).

III. *Disposition.*

The case before us demonstrates the danger, which we have mentioned before, of relying on a motion to dismiss:

> This is another in a series of cases which illustrate the ineffectiveness of motions under rule 104(b) for purposes of disposing of actions without trial. Since the advent of notice pleading under [rule] 69(a), *it is a rare case* which will not survive a rule 104(b) motion. As a result, disposition of unmeritorious claims in advance of trial must now ordinarily be accomplished by *other pretrial procedures* which permit narrowing of the issues and the piercing of bare allegations contained in the petition.

*American Nat'l Bank v. Sivers,* 387 N.W. 2d 138, 140 (Iowa 1986) (emphasis added). Because Stessman's petition states a claim upon which relief may be granted, the district court erred in dismissing the case under rule 104(b). We therefore reverse and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.