Norma KULISH, as Administrator of the David Leroy Kulish Estate; Amy Kulish, a Minor, by Norma Kulish, her Mother and Next Friend; Jennifer Kulish, a Minor, by Norma Kulish, her Mother and Next Friend, Appellants,

v.

Francis James ELLSWORTH, Randall O. Butikofer, and Cresco Medical Center, P.C., Covenant Medical Center, and Covenant Air Care Services, Defendants,

and

Jennifer L. Schriever, Yvonne Smith, Arden Smutzler, Howard County Hospital, and Howard County Hospital Ambulance Services, Appellees,

and

Howard County, Iowa, Appellee.

No. 95–1837.

Supreme Court of Iowa.

July 23, 1997.

malpractice, including claims against the county, county hospital, county ambulance service, and county employees who provided emergency care.[1] The district court, relying on the governmental immunity provided by Iowa Code sections 670.4(11) and 670.12 (1995), granted summary judgment to these defendants. We affirm.

## I. *Background Facts and Proceedings.*

David Kulish and Francis Ellsworth were involved in an automobile collision in February 1995. A highway patrolman who arrived at the scene called for two helicopter ambulances. One helicopter was dispatched by Covenant Air Care Services in Waterloo. Due to poor weather conditions, the second helicopter remained grounded in Rochester, Minnesota; instead, a vehicular ambulance was dispatched to the scene by defendant Howard County Hospital Ambulance Services in Cresco.

Because Ellsworth's injuries appeared more serious than those suffered by Kulish, the emergency personnel at the scene determined that Ellsworth should be flown to Covenant Medical Center. Kulish, meanwhile, was extricated from his overturned van and transported by ambulance to defendant Howard County Hospital. Emergency medical technicians (EMTs) Yvonne Smith and Arden Smutzler attended to his injuries.

When Kulish arrived at the Howard County Hospital emergency room, attending physician Randall Butikofer ordered his immediate transfer to the Mayo Clinic. The doctor also directed that Jennifer Schriever, a registered nurse, administer aid during the transport. EMTs Smith and Smutzler accompanied Kulish and the nurse from Cresco to Rochester. While en route, Kulish went into cardiac arrest, a grave turn of events requiring further—and ultimately unsuccessful—emergency procedures. He was pronounced dead shortly after his arrival at St. Mary's Hospital in Rochester.

Plaintiffs brought a medical malpractice action against the county and its hospital,

Kevin E. Schoeberl of Story & Schoeberl Law Firm, Cresco, for Appellants.

George L. Weilein of Gallagher, Langlas & Gallagher, Waterloo, for Appellees Jennifer L. Schriever, Yvonne Smith, Arden Smutzler, Howard County Hospital, and Howard County Hospital Ambulance Services.

Peter J. Gartelos and Timothy D. Ament of Gartelos, Wagner & Ament, Waterloo, for Appellee Howard County.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

David LeRoy Kulish died of a heart attack while receiving emergency medical attention following a motor vehicle accident. Kulish's surviving spouse, Norma, as administrator of David's estate and next friend of their two minor children (hereafter collectively referred to as "plaintiffs"), filed suit for medical

---

1. Other parties, including physicians named in the suit, are not parties to this appeal.

ambulance service, and emergency personnel alleging various claims grounded on theories of negligence, res ipsa loquitur, and vicarious liability.[2] All defendants denied liability. Howard County answered separately, denying it could be held vicariously liable for the alleged negligence of the county hospital and its ambulance service or their employees. In a later motion for summary judgment, Howard County renewed this claim, asserting its board of supervisors exercised no control over the operation or management of the county hospital and, therefore, could not be found vicariously liable as a matter of law. The district court denied the motion, finding the county's ownership of the hospital raised a factual question regarding its authority over the hospital's operation.

Without objection by the plaintiffs, defendants Howard County Hospital, Howard County Hospital Ambulance Services, and county employees Schriever, Smith and Smutzler amended their answer to assert the affirmative defense of governmental immunity for acts or omissions related to an emergency response. *See* Iowa Code § 670.4(11). These defendants then moved for summary judgment based on this theory. The court immediately set the matter for hearing eighteen days hence.

Upon receiving notice of the summary judgment hearing, plaintiffs requested additional time under Iowa rule of civil procedure 237(c) to oppose it. The defendants resisted the proposed delay. Plaintiffs then supplemented their resistance to the motion, requesting additional time to file affidavits in accordance with rule of civil procedure 237(f).

The court conducted the hearing as scheduled, at which time it considered, and rejected, plaintiffs' requests for continuance. The court then granted defendants summary judgment, citing three reasons for finding them immune from liability as a matter of law: (1) plaintiffs' claims, based on alleged acts or omissions in connection with "an emergency response," fall within the exemption of Iowa Code section 670.4(11); (2) the alleged acts or omissions of the individual defendants Schriever, Smith, and Smutzler did not constitute "reckless misconduct" within the meaning of Iowa Code section 670.12; and (3) the county hospital and its ambulance service are "municipalities" within the meaning of Iowa Code section 670.4.

Plaintiffs moved to enlarge or amend the court's order under Iowa rule of civil procedure 179(b). In particular, plaintiffs asked the court to address the constitutionality of Iowa Code sections 670.4 and 670.12, the issue which had allegedly prompted them to request additional research time to oppose the motion for summary judgment. The court denied the motion and overruled plaintiffs' equal protection claim. The court also dismissed plaintiffs' case against Howard County, finding that all parties for whom the county could have been found vicariously liable had been dismissed from the action.

Plaintiffs now appeal, contending the court abused its discretion in refusing their requests for additional time to resist defendants' motion for summary judgment and to file affidavits. Additionally, plaintiffs argue that the district court erred in sustaining defendants' motion for summary judgment. They challenge the constitutionality of the immunity provision and argue that the immunity from liability provided in section 670.4(11) for "emergency response" does not apply to the facts underlying this cause of action.

Howard County—although dismissed from the case—cross-appeals, seeking reversal of the district court's interlocutory ruling that denied it summary judgment.

## II. *Scope of Review.*

 Malpractice actions, like other suits resting on claims of negligence, ordinarily are not susceptible of summary adjudication.

---

2. Dr. Butikofer and Cresco Medical Center, P.C., are not parties to this appeal. Plaintiffs dismissed with prejudice their claims against Ellsworth, Covenant Medical Center, and Covenant Air Care Services.

*Oswald v. LeGrand,* 453 N.W.2d 634, 635 (Iowa 1990). Here, however, the court accepted the plaintiffs' recitation of the facts and granted judgment to the defendants based on statutory governmental immunity. Where the only dispute concerns legal consequences flowing from undisputed facts, our review is limited to whether the district court correctly applied the law. *Baker v. City of Ottumwa,* 560 N.W.2d 578, 582 (Iowa 1997). To the extent plaintiffs challenge the court's ruling on constitutional grounds, our review is de novo. *Id.*

### III. Additional Time to Resist and File Affidavits.

■ Plaintiffs begin by contending the district court abused its discretion in denying their request to reset the hearing on defendants' motion for summary judgment in order to permit additional time to prepare their resistance. The following timetable illuminates plaintiffs' argument: On September 1, 1995, defendants filed their motion for summary judgment. This was forty-seven days prior to the scheduled trial date of October 18. *See* Iowa R. Civ. P. 237(c) ("The motion shall be filed not less than forty-five days prior to the date the case is set for trial, unless otherwise ordered by the court."). The court ordered a hearing date of September 19. Plaintiffs received their copy of the motion and the order setting hearing on September 5.

Iowa rule of civil procedure 237(c) provides that "the time fixed for hearing [on a motion for summary judgment] shall be not less than twenty days after the filing of the motion, unless a shorter time is ordered by the court." Plaintiffs assert that compliance with this rule required the court to reset the hearing to September 26, 1995, a date twenty days from the time they *received* notice of the filing. They misread the rule. The twenty days commences from the date when the motion is filed, not when it is received by the opposing party. Moreover, rule 237(c) explicitly gives the court discretion to hold the hearing within "a shorter time."

To prevail on appeal, plaintiffs must establish that the district court abused its discretion in imposing the challenged time constraints, that is, that its discretion was exercised "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Vaughan v. Must, Inc.,* 542 N.W.2d 533, 543 (Iowa 1996). In support of their claim, plaintiffs argue that because the case was complex and involved over twenty expert and lay witnesses, with six more depositions yet to be taken, extra time was required to prevent prejudice to their case.

We are not persuaded that plaintiffs have demonstrated any abuse of discretion by the district court. The court acted within the flexible parameters given it under the rule. Although it set the matter for hearing eighteen days after defendants filed their motion for summary judgment, rather than the twenty days indicated by rule 237(c), plaintiffs have failed to establish that the two-day variance was clearly untenable or unreasonable given the circumstances facing the court. The court's temporal resources are limited and constrained by a heavy docket. It is apparent here that allowing more time prior to the hearing would have crowded the time remaining before the scheduled trial date.

■ Plaintiffs argue alternatively that the court abused its discretion by denying their request for additional time to file affidavits opposing defendants' motion for summary judgment. They rely on rule of civil procedure 237(f), which provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

■ Again, the rule's permissive language makes discretionary the district court's decision to allow additional time for filing an opposing affidavit. *In re Guardianship &*

*Conservatorship of Cavin,* 333 N.W.2d 840, 841 (Iowa 1983).

> When a party claims that he has not been given enough time to gather and submit affidavits in resistance to a motion for summary judgment, it is within the discretion of the trial court whether or not to wait for the affidavits to be furnished.

*Moser v. Thorp Sales Corp.,* 312 N.W.2d 881, 891 (Iowa 1981).

Plaintiffs can make no persuasive claim to the protection afforded by rule 237(f) because they furnished no reasons, by affidavits or otherwise, supporting their claimed need for additional time to respond. *See Bitner v. Ottumwa Community Sch. Dist.,* 549 N.W.2d 295, 301 (Iowa 1996) (resister must set forth by affidavit reasons why evidentiary affidavits cannot be proferred). Moreover, plaintiffs' expressed need for more time to gather affidavits from experts rings hollow where the controversy at issue—governmental immunity—raised legal, not factual questions. Plaintiffs have failed to show how the district court abused its discretion. No ground for reversal appears.

## IV. Governmental Immunity for Emergency Response.

**A. *Constitutionality.*** We recently described the statutory framework of Iowa Code chapter 670 in *Baker v. City of Ottumwa.*

> Iowa Code chapter 670, which governs tort liability of governmental subdivisions, subjects every city to liability for the torts of its officers and employees unless such torts fall within exemptions spelled out in section 670.4.

*Baker,* 560 N.W.2d at 582. *Baker* addressed the exception for a claim related to a municipal swimming pool. *See* Iowa Code § 670.4(12). The present case directs our attention to a claim connected to "emergency response." Iowa Code § 670.4(11). Section

670.4(11) provides that a municipality shall be immune from liability for

> [a] claim based upon or arising out of an act or omission in connection with an emergency response including but not limited to acts or omissions in connection with emergency response communications services.

Plaintiffs argue that this immunity provision creates a plaintiff class which, when injured by a local government, cannot seek the same redress available to a plaintiff suing a private defendant. They claim this violates the equal protection clauses of our federal and state constitutions. *See* U.S. Const. amend. XIV; Iowa Const. art. I, § 6. We rejected a similar constitutional challenge in *Baker.* Applying a rational basis test because no suspect class or fundamental right was implicated, we asked whether the classification created by the statute reasonably relates to a legitimate state interest. *Baker,* 560 N.W.2d at 582. The same test applies here.

While the district court offered no explanation for its summary rejection of plaintiffs' constitutional claim, reasons justifying its ruling are evident. A local government has a strong interest in providing rescue services for citizens involved in accidents and who—day or night—need immediate response. The statutory exemption from tort liability allows municipal providers of emergency care to render necessary medical aid in dire situations free from distractions or concerns over potential lawsuits. Thus, the immunity provision in section 670.4(11) reasonably relates to a legitimate government interest. Plaintiffs' claim to the contrary is not persuasive.

**B. *Municipality.*** Plaintiffs next contend that defendant Howard County Hospital does not meet the statutory definition of "municipality" [3] because it was organized under Iowa Code chapter 347 governing county hospitals. Relying on *Warford v. Des*

---

**3.** Section 670.1(2) states: " 'Municipality' means city, county, township, school district, and

any other unit of local government...."

*Moines Metropolitan Transit Authority*, 381 N.W.2d 622, 624 (Iowa 1986), plaintiffs suggest the county hospital is a private corporation. In *Warford*, where the district court dismissed a tort suit against the transit authority on grounds of municipal immunity, the record revealed the court had gone outside plaintiffs' petition to obtain a copy of the intergovernmental agreement that created the Metropolitan Transit Authority (MTA). *Warford*, 381 N.W.2d at 623. We reversed, citing error in the court's failure to read in a light favorable to plaintiffs its allegation that the MTA was "a corporation *and/or* public franchise." *Id.* at 624 (emphasis added). We found that, cast in the more favorable light, the Warfords' petition alleged the MTA was a corporation, and thus not a municipality. We further held that a public franchise is not necessarily a municipality. *Id.*

Because our holding in *Warford* depended on the distinctive alternative wording in plaintiffs' petition, it can be easily distinguished from the case before us. Plaintiffs here pleaded, and the district court concluded, that defendant hospital was owned by the county unit of government. The petition alleged:

> Paragraph 10. Defendant Howard County, Iowa is a county of the State of Iowa and owns the Howard County Hospital.

> Paragraph 11. Defendant Howard County Hospital Ambulance Services is a legal entity with its principal place of business in Howard County, Iowa and is owned and supervised by Howard County Hospital.

None of our cases explicitly state that a hospital owned by the county is a "municipality" or "unit of local government." We have, however, considered county hospitals part of local government in determining tort liability. *See Miller v. Boone County Hosp.*, 394 N.W.2d 776, 781 (Iowa 1986) (finding notice requirement of section 613A.5 (now codified at chapter 670) unconstitutional and remand-

ing for further proceedings on negligence action against county hospital); *Flynn v. Lucas County Mem'l Hosp.*, 203 N.W.2d 613, 614 (Iowa 1973) (malpractice action against county hospital brought under chapter 613A). If a county hospital is subject to liability under chapter 670, fairness dictates that it also benefit from the immunities listed in section 670.4. Plaintiffs' assertion that section 670.4(11) does not apply to defendant hospital fails as a matter of law.[4]

■ *C. Emergency response.* Plaintiffs next challenge the applicability of section 670.4(11), disputing whether defendants in fact engaged in an "emergency response." In support of their contention that a genuine fact issue exists, they offer the deposition testimony of the EMTs at the collision scene who stated they did not believe Kulish's injuries were life threatening, and statements by Dr. Butikofer that he believed Kulish's condition was stable and expressed surprise upon learning of Kulish's fatal heart attack. Plaintiffs also note that the statute does not define "emergency response."

The assertion by plaintiffs that this case is not based on an emergency response cannot be taken seriously. The suit centers on defendants' response to a two-car collision that required the dispatch of two ambulances, extraction of Kulish from his overturned van in a ditch, transport to the nearest hospital for emergency care to stabilize the patient, and then immediate transport to the Mayo Clinic for critical care not available in Cresco, Iowa.

We cannot fathom these events as anything other than an "emergency response." The broad language of section 670.4(11)—"in connection with an emergency" and "including but not limited to"—conveys a legislative intent to encompass situations like those described here. Plaintiffs' claims arose out of alleged negligent acts or omissions that began with the response of emergency medical personnel dispatched to the scene of a serious car accident. Summary judgment for

---

4. We note that this same analysis applies to claims against the county ambulance service.

defendants based on the immunity provisions of section 670.4 was proper.

D. *Immunity of individual county employees.* Section 670.12 provides:

All officers and employees of municipalities are not personally liable for claims which are exempted under section 670.4, except claims for punitive damages.... An officer or employee of a municipality is not liable for punitive damages as a result of acts in the performance of a duty, unless actual malice or willful, wanton and reckless misconduct is proven.

Plaintiffs claim that "[t]here is sufficient evidence to establish that the actions of Defendants Schriever, Smith, and Smutzler constitute 'reckless misconduct.'" They offer no facts in their brief to support this assertion.

We have defined recklessness as

more than negligence, more than the want of ordinary care. It means proceeding with no care coupled with disregard for consequences. The acts must manifest a heedless disregard for or indifference to the rights of others in the face of apparent danger or be so obvious the operator should be cognizant of it, especially when the consequences of such actions are such that an injury is a probability rather than a possibility. Recklessness may include willfulness or wantonness, but if the conduct is more than negligence, it may be reckless without being willful and wanton.

*Sechler v. State,* 340 N.W.2d 759, 764 (Iowa 1983).

There is no hint in this record that the defendants acted with anything less than exemplary effort in providing emergency care to Kulish. The EMTs who came to Kulish's aid were faced with extracting the 450–pound accident victim from his van that had overturned in a ditch. They then braved severe winter weather to transport him to Howard County Hospital and the Mayo Clinic for emergency treatment.

Questions of mere negligence in performance of duty become irrelevant because under section 640.12 these municipal employees are subjected to personal liability only for reckless and wanton conduct. Plaintiffs have raised no material facts that even suggest recklessness. Thus, summary judgment for the individual defendants on plaintiffs' claims of negligence was proper.

E. *Res ipsa loquitur.* Plaintiffs concede that the doctrine of res ipsa loquitur is a rule of evidence rather than one of pleading or substantive law. *See Tappe v. Iowa Methodist Med. Ctr.,* 477 N.W.2d 396, 399 (Iowa 1991). They nevertheless contend the court erred in granting summary judgment for the defendants on their res ipsa loquitur claim. Because the discussion above establishes that these defendants are immune from suit for any claims of negligence, plaintiffs are necessarily barred from pursuing their claims under a res ipsa theory. The district court was correct in so ruling.

## V. *Appeal and Cross–Appeal Involving Defendant Howard County.*

The district court's judgment in favor of the county hospital, county ambulance services, and individually-named county employees necessarily justified dismissal of plaintiffs' claims against defendant Howard County, either on governmental immunity or vicarious liability grounds. *See* Iowa Code § 670.4(11) (granting municipality immunity from liability for claims "based upon or arising out of" emergency response); *cf. Biddle v. Sartori Mem'l Hosp.,* 518 N.W.2d 795, 799 (Iowa 1994) (settlement with doctor—deemed for purposes of suit to be employee of hospital—extinguished further claims against defendant hospital based on vicarious liability theory). Plaintiffs' assertions to the contrary simply do not merit further attention.

Howard County nevertheless claims on cross-appeal that the district court's earlier refusal to dismiss it from the suit was erroneous and should be reversed. In particular, the county argues that, by statute, supervision of county hospital employees rests with the hospital's board of trustees,

not the county board of supervisors, and the court's conclusion to the contrary should be corrected.

Even if we thought the district court's interlocutory ruling reached the legal conclusion Howard County now contests, we would decline to disturb it. Howard County has prevailed in this litigation. It has failed to show, in accordance with Iowa rule of appellate procedure 1(b), how the court's earlier ruling has "substantially affected [its] rights."

## VI. *Summary.*

We have considered all the issues raised by the parties, whether discussed or not, and affirm in all respects the district court's summary judgment for Howard County, Howard County Hospital, Howard County Hospital Ambulance Services, Jennifer L. Schriever, Yvonne Smith, and Arden Smutzler. We remand the case to the district court for further proceedings, if any, remaining against the defendants not involved in this appeal.

**AFFIRMED ON APPEAL AND CROSS–APPEAL.**