Danny Dean ADAMS, Jr., Individually and as Next Friend of April Lynn Adams, and Cindy Lou Adams, Appellants,

v.

CITY OF DES MOINES, Appellee,

Midamerican Energy Company, Defendant.

No. 99–0699.

Supreme Court of Iowa.

July 5, 2001.

Christopher A. Kragnes, Des Moines, Tom Whitney of Tom Whitney Law Offices, Des Moines, and Jeff Carter of Jeff Carter Law Offices, Des Moines, for appellants.

Mark Godwin, Deputy City Attorney, Des Moines, for appellee.

NEUMAN, Justice.

This appeal concerns the scope of a city's immunity from liability under Iowa Code section 670.4(11) (1997), the "emergency response" exemption. Because the record reveals, as a matter of law, that the city firefighter's conduct toward plaintiff occurred "in connection with an emergency response," we conclude the district court properly granted summary judgment for the city. We therefore affirm.

## I. Background Facts and Legal Proceedings.

Plaintiff Danny Dean Adams operated a telescopic conveyor as part of a roofing project at a residence in Des Moines. The conveyor carried shingles to the roof. It was mounted on a flatbed truck that Adams had parked in the home's driveway.

Evidently unknown to Adams, the boom on his truck came in contact with high voltage wires crossing the driveway, starting a fire in the house. Five emergency vehicles from the Des Moines fire department responded to the fire. A representative from MidAmerican Energy Company also arrived on the scene. After the firefighters extinguished the fire in the house, one of them instructed Adams to move the boom truck out of the driveway. Adams believed, mistakenly, that the electrical power had been turned off. When he grabbed the door of the truck, he was thrown to the ground by a jolt of electricity.

Adams sued MidAmerican and the city of Des Moines for injuries suffered as a result of the electrical shock.[1] A settlement was reached with MidAmerican. The city, meanwhile, moved for summary judgment. It claimed immunity from liability, as a matter of law, based on Iowa Code section 670.4(11). Pertinent to this case, the statute exempts a municipality from liability for claims "arising out of an act or omission in connection with an emergency response." Iowa Code § 670.4(11).

The district court granted the city's motion. It reasoned that, despite Adams'

---

1. Adams' wife and daughter were also named plaintiffs in the suit. For convenience they will be referred to collectively as "Adams."

claim of a factual dispute about whether the emergency was over when the command to move the truck was made, the issue was really whether the exemption granted by section 670.4(11) had yet expired. In the court's words, "the acts complained of no matter whether they were authorized or not were *in connection with an emergency response.*" This appeal by Adams followed.

## II. Issues on Appeal/Scope of Review.

Adams asserts two issues on appeal. First, he claims the court erred by granting summary judgment because a dispute over material facts exists. We review the issue for correction of errors at law. A genuine issue of material facts exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fin. Mktg. Servs., Inc. v. Hawkeye Bank & Trust,* 588 N.W.2d 450, 455 (Iowa 1999). To make that determination, we view the record made on summary judgment in the light most favorable to the nonmoving party. *Phillips v. Covenant Clinic,* 625 N.W.2d 714, 717 (Iowa 2001). If no genuine issue of material fact exists, we then determine whether the moving party is entitled to judgment as a matter of law. *Id.*

█ Adams also challenges the constitutionality of section 670.4(11), urging the statute cannot survive "strict scrutiny analysis" because he faced a loss of liberty if he had chosen to disobey the firefighter's order. *See* Iowa Code § 102.5 (disobedience toward lawful order of firefighter punishable as simple misdemeanor). Adams cites no authority for this proposition, and we entertain serious doubts about its validity. *Cf. Kulish v. Ellsworth,* 566 N.W.2d 885, 890 (Iowa 1997) (equal protec-

tion challenge to section 670.4(11) analyzed, and rejected, using rational basis test analysis). We need not decide the question, however. Although Adams urged this argument in district court, the court's ruling did not address it. Adams filed no motion under Iowa Rule of Civil Procedure 179(b) to have the court expand its ruling. Thus the matter has not been preserved for our review and we give it no further consideration. *See Ritz v. Wapello County Bd. of Supervisors,* 595 N.W.2d 786, 789 (Iowa 1999) (rule 179(b) crucial to preservation of error where unsuccessful litigant intends to challenge district court ruling on issue court did not resolve).

## III. Analysis.

█ Although claims of negligence do not ordinarily lend themselves to summary adjudication, when the only dispute concerns legal consequences flowing from undisputed facts, summary judgment may be appropriate. *Kulish,* 566 N.W.2d at 888–89. Here Adams contends he generated a jury question as to whether the emergency created by the electrical fire still existed at the time he was ordered to move his truck, or whether the firefighters were merely cleaning up after extinguishing the fire, *i.e.,* the emergency was over. The city counters that all of the evidence, even when viewed in the light most favorable to Adams, overwhelmingly demonstrates that the emergency started by the fire continued at the point when a city firefighter told Adams to move his truck.[2]

Our analysis starts with a review of the statutory framework for governmental immunity. Iowa Code section 670.2 states that "[e]xcept as otherwise provided in this chapter, every municipality is subject to

---

2. In its answer, the city denied that any firefighter ever told Adams to move his truck. We assume, as did the district court, that for purposes of ruling on summary judgment, the order was given.

liability for its torts and those of its officers and employees, acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function." Iowa Code section 670.4 lays out specific exceptions to this rule, including the provision at issue in this case. As already noted, section 670.4(11) immunizes a city from liability for "claim[s] based upon or arising out of an act or omission in connection with an emergency response...."

The question is whether the city's action in ordering Adams to move his truck was an act that occurred "in connection with an emergency response." If so, then the city is immune from liability for Adams' injuries. If not, then the city is subject to liability pursuant to Iowa Code section 670.2.

Neither the legislature nor our court has specifically defined the statutory terms "in connection with" or "emergency response." In *Kulish*, however, this court noted that "in connection with" is a broad term that conveys a legislative intent to cover a wide range of situations. *Kulish*, 566 N.W.2d at 891. *Kulish* involved a suit against county emergency personnel who responded to a two-car collision on icy winter roads. Officials made a decision to transport Kulish by ambulance, rather than helicopter, to the Mayo clinic; he died enroute of a heart attack. *Id.* at 887. This court upheld the district court's judgment for the county under section 670.4(11), rejecting the plaintiff's claim that a factual dispute existed over applicability of the "emergency response" exception once Kulish was stabilized and on his way to the hospital. *Id.* at 891. We held, as a matter of law, that the broad language of section 670.4(11) conveyed a legislative intent to embrace within its ambit just such emergencies and the response required by medical personnel dispatched to the scene. *Id.*

Here, as in *Kulish*, there can be no question that an emergency existed necessitating the response of emergency personnel. Adams concedes the point but then characterizes the fighting issue as whether the emergency created by the fire still existed at the time the firefighter ordered him to move his truck. The district court, however, cast the issue in a different, and we think important, way: "whether or not the City's grant of immunity expired at some time before the acts or omissions that gave rise to the Plaintiff's injuries." The difference between these formulations highlights the controversy before us.

■ Under Adams' characterization of the statute, immunity depends on whether the *emergency* continued at the time of the city's allegedly negligent act. A close reading of section 670.4(11), however, reveals that its focus is not limited to the emergency giving rise to the response, but to the response itself. In other words, it is the occurrence and continuation of an emergency response, rather than just an emergency, that extends the city's immunity from liability. So, while there may be a factual question as to whether an emergency—as that term is commonly understood—still existed at the time Adams moved his truck, the real issue here is whether the firefighter's action was done "in connection with an emergency response." *See* Iowa Code § 670.4(11). Like the district court, we are convinced that it was.

■ The emergency response in this case began when five emergency vehicles responded to several 9-1-1 calls concerning the electrical fire. Plainly the response to the emergency included extinguishing the blaze. But it also included firefighting actions taken after that, including activities described by both plaintiffs' and defendant's experts as overhaul, salvage, and investigation—making sure

all embers have been extinguished, trying to salvage what is left of the building, and attempting to determine the cause of the fire. As Adams rightly notes, these actions—including the command to Adams to move his truck—were performed after the fire had been extinguished. But, by its terms, section 670.4(11) does not limit immunity to actions taken contemporaneously with the emergency; it immunizes actions that are part of the emergency response. We are convinced that the conduct about which Adams complains fits that description.

Our view of the breadth of section 670.4(11) is fortified when we consider this court's application of a companion exception in *Baker v. City of Ottumwa,* 560 N.W.2d 578 (Iowa 1997). In *Baker,* a patron of a city-owned water slide sued the city of Ottumwa alleging it was liable for injuries caused when a child stuck his foot in Baker's path, striking him in the eye as he came down the slide. *Baker,* 560 N.W.2d at 581. Baker claimed his injuries stemmed from inattentiveness by the lifeguard stationed at the bottom of the slide. The district court granted summary judgment to the city under section 670.4(12), which provides municipal immunity for claims "relating to a swimming pool." *Id.* at 582. On appeal, Baker argued that this subsection pertained to claims regarding water quality, not lifeguards. *Id.* We rejected his argument, noting the language "claim relating to a swimming pool" created a very broad classification of claims which, absent any specific language to the contrary, included negligent lifeguards. *Id.*

Our decision with respect to section 670.4(11) should not be interpreted to mean that the words "in connection with an emergency response" will automatically immunize city firefighters for any post-emergency action, no matter how remote.

The case before us must be limited to its undisputed facts. Here the conduct complained of occurred just shortly after the fire had been extinguished while firefighters remained at the house. The firefighters were still in the process of investigation and overhaul connected with the original response by emergency personnel. We hold that on these facts Iowa Code section 670.4(11) affords the city of Des Moines immunity, as a matter of law, for its firefighter's action in telling Adams to move his truck. Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**