# IN THE COURT OF APPEALS OF IOWA

No. 15-2167
Filed November 9, 2016


**LORA KNIGHT,**
        Plaintiff-Appellant,


**vs.**


**ELM KING ENTERPRISES, L.L.C., an Iowa
Limited Liability Company, MICHAEL J. KING,
DONNA J. KING, and COSTA DINO KING,**
        Defendants-Appellees.
_____


        Appeal from the Iowa District Court for Union County, Dustria A. Relph,

Judge.


        Lora Knight appeals the district court's order granting summary judgment.

**AFFIRMED.**


        Douglas D. Daggett of Douglas D. Daggett, P.C., Creston, for appellant.

        Jason W. Miller of Patterson Law Firm, L.L.P., Des Moines, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Lora Knight filed a personal injury action against Creston tavern Elm King Enterprises, L.L.C. as well at its owners. She was assaulted by a bar patron and alleged the tavern failed to exercise reasonable care in several respects. The tavern moved for summary judgment. Knight did not resist the motion. Shortly before the summary judgment hearing, Knight moved for an extension of time to file a resistance and for a continuance. The district court denied her motion. Following the hearing, the court granted the defendants' summary judgment motion, finding no duty and, alternatively, no breach of duty.

On appeal Knight contends the district court (1) abused its discretion in denying her motion for an extension and continuance and (2) erred in granting the defendants' motion for summary judgment.

**I.      *Motion for Extension and Continuance***

"Any party resisting [a motion for summary judgment] shall file a resistance within 15 days . . . from the time when a copy of the motion has been served." Iowa R. Civ. P. 1.981(3). Knight did not file a resistance within that time frame or in the following month. She filed her motion for extension of time and continuance two hours and four minutes before the hearing and failed to identify any reasons in support of her request for additional time. We conclude the district court did not abuse its discretion in denying the motion as untimely. *See Kulish v. Ellsworth*, 566 N.W.2d 885, 889-90 (Iowa 1997).

## II.    *Summary Judgment*

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

The district court found no "tavern-patron relationship" and, therefore, no duty of care. The court alternatively stated that, even if "a tavern-patron relationship did exist that imposed a duty on Defendants," the assault was not foreseeable—either to Knight or the tavern.

Knight argues the district court "narrowly construed" her relationship with the tavern in finding it owed her no duty and the question of whether the tavern breached a duty was "best suited for a trier of fact." We need not address whether a duty was owed to Knight because we are convinced that, even if the tavern had a duty, Knight could not establish a breach as a matter of law.[1]

The question of breach turns on whether the tavern exercised reasonable care. *Hoyt*, 829 N.W.2d at 777-78. "[T]he conduct of a defendant can lack reasonable care insofar as it foreseeably combines with or permits the improper conduct of the plaintiff or a third party." *Id.* at 778 (quoting Restatement (Third) of Torts § 19 (2010)). "In a tavern, for example, the environment may foreseeably bring about the misconduct of a third party, resulting in injury to a plaintiff." *Id.*

---

[1] In the context of her discussion of a breach, Knight refers to "scope-of-liability." The tavern asserts Knight failed to preserve error on a scope-of-liability argument. We are persuaded the reference appears in the context of her breach-of-duty argument. *See Hoyt v. Gutterz Bowl & Lounge L.L.C.*, 829 N.W.2d 772, 778 (Iowa 2013) (noting foreseeability of misconduct "raises the issue of whether the harm suffered by the plaintiff is within the range of risks that may make the defendant's conduct negligent in failing to exercise that care").

"[W]e leave the breach question's foreseeability determination to juries unless no reasonable person could differ on the matter." *Id.* at 780.

No reasonable person could find it foreseeable that the tavern environment brought about the assault. Knight went to the establishment to order food. When she found out "they were not cooking food anymore," she "went straight to the bathroom." As she left the bathroom, an unknown woman "stopped [her] and asked to 'talk to [her].'" According to Knight, the woman had "no bad body language," "smil[ed] at [her]," and was "very soft spoken." Knight "had no reason to feel threatened or anything." The woman asked Knight to step outside and proceeded to assault her "as soon as [they] got out the back door," believing Knight had "snitch[ed]" on someone else. Knight stated she "couldn't believe it happened" because she "didn't even know" the woman. In a statement to police, she stated, "I didn't expect what was coming."

The bartender working on the night of the incident attested she "saw no altercation" between the two women, was "aware of no event that occurred within Elm's Club that demonstrated or foreshadowed that . . . Knight and [the other woman] would be involved in a physical altercation," and "had no reason to believe such an event would take place."

We conclude the risk of harm was unforeseeable as a matter of law and the district court did not err in granting summary judgment in favor of the defendants.

**AFFIRMED.**