**Kelly JACKSON, et al., Plaintiffs,**

v.

**PLAYBOY ENTERPRISES, INC., Defendant.**

**No. C–3–82–140.**

United States District Court, S.D. Ohio, W.D.

April 1, 1983.

William J. Melvin, Columbus, Ohio, for plaintiffs.

Mike Fain, Dayton, Ohio, for defendant.

### DECISION AND ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS; COMPLAINT DISMISSED; TERMINATION ENTRY

RICE, District Judge.

### I. *Introduction*

The captioned cause is a diversity action brought by Plaintiffs against Defendant, Playboy Enterprises, Inc. ("Playboy"), for invasion of privacy. Plaintiffs, three minor boys, were photographed on a Springfield, Ohio city sidewalk with Springfield policewoman Barbara Schantz. The photograph later appeared in the May, 1982 issue of Playboy magazine, as part of an article which featured primarily nude photographs of policewoman Schantz.[1] Plaintiffs allege that the publication of said photograph by Defendant "destroyed" their right of privacy and "humiliated, annoyed, disgraced, [and] exposed [them] to public contempt and ridicule." (Complaint, ¶ 10)

■ This case is presently before the Court on Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), wherein Defendant urges the Court to find that publication of the photograph in question does not constitute an actionable invasion of privacy under any theory recognized by Ohio courts. A Motion to Dismiss for failure to state a claim

upon which relief can be granted may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See, Westlake v. Lucas,* 537 F.2d 857 (6th Cir.1976). For the reasons set forth below, the Court concludes that Plaintiffs' complaint is fatally defective, in that it sets forth no set of facts entitling them to relief on the theory of invasion of privacy under Ohio law. In other words, even if this Court assumes the facts as alleged by Plaintiffs to be true, the Plaintiffs' complaint would fail as a matter of law to state a claim upon which relief can be granted. Defendant's Motion to Dismiss is therefore granted, and the instant case is hereby dismissed in its entirety.

### II. *Discussion*

■ Preliminarily, the Court notes that federal courts exercising jurisdiction over diversity actions must apply the law of the state in which they are situated, as determined by that state's highest court. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937). Therefore, because the present case is a diversity action, this Court must apply the law of the state of Ohio, as declared by the Ohio Supreme Court, in order to determine whether Plaintiffs have stated a cause of action for invasion of privacy.

The Ohio Supreme Court first recognized a cause of action for invasion of privacy in *Housh v. Peth,* 165 Ohio St. 35, 133 N.E.2d 340 (1956), an action brought for wrongful intrusion upon a person's seclusion. In *Housh,* the Court held that:

> (1) The right of privacy is the right of a person to be let alone, to be free from unwarranted publicity, and to live without unwarranted interference by

1. The photograph depicts Schantz in a police uniform, kneeling on a sidewalk in an apparent attempt to help a group of young boys fix a bicycle. The boys are grouped around Schantz, so that she is the focus of the photograph. The photograph appears next to another photograph of Schantz in uniform and two other nude photographs. The caption reads as follows: "It may

be fixing a flat (above left) [*i.e.,* referring to the photograph which is the subject of this lawsuit], or settling a spat (above right); a policewoman's work is never done. But workwoman's compensation includes relaxing on a Sunday (left)." "Beauty and The Badge," *Playboy Magazine,* May, 1982, p. 167.

the public in matters with which the public is not necessarily concerned.

(2) An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary responsibilities.

*Id.*

*Housh* impliedly established the principle that various kinds of conduct might constitute a cause of action for invasion of privacy (*i.e.*, appropriation of one's personality, publication of private affairs, or wrongful intrusion into private affairs). In 1976, however, the Ohio Supreme Court decided *Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St.2d 224, 351 N.E.2d 454 (1976), *rev'd on other grounds*, 433 U.S. 562, 97 S.Ct. 2849, 53 L.Ed.2d 965 (1977), an action for invasion of privacy based on the narrow theory of " 'unlawful appropriation of plaintiff's professional property' ", *id.* at 225, 351 N.E.2d 456, in which the Court refined its definition of what constitutes invasion of privacy. Therein, the Court found that appropriation is but *one form* of the "general tort of interference with the right of privacy," *id.*, as recognized by the (then) proposed Restatement (Second) of Torts (1975) [2] and by William L. Prosser in *Privacy*, 48 Calif.L.Rev. 383 (1960).

*Zacchini* was followed by *Sustin v. Fee*, 69 Ohio St.2d 143, 431 N.E.2d 992 (1982), an action for invasion of privacy for intrusion upon plaintiffs' right of seclusion. In *Sustin*, the Court recognized that "[t]oday the intrusion into a person's seclusion is recognized as but one of the four separate branches of tortious invasion of privacy". *Id.* at 145, 431 N.E.2d 993 (note 4). These four separate branches of invasion of priva-

cy, the Court stated, "are set out in Section 652(A) of the Restatement of Torts 2d [1977], at page 516, as follows:

(1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.

(2) The right of privacy is invaded by

(a) unreasonable intrusion upon the seclusion of another [as stated in § 652B; or]

(b) appropriation of the other's name or likeness [as stated in § 652C; or]

(c) unreasonable publicity given to the other's private life [as stated in § 652D; or]

(d) publicity that unreasonably places the other in a false light before the public [as stated in § 652E.]

*Id.* Thus, the Ohio Supreme Court made it clear in *Sustin* that it was adopting the rule of the Restatement (Second) of Torts, § 652 (1977), for what constitutes an actionable invasion of privacy in Ohio.

■ The Court concludes, therefore, that in order to state a cause of action for invasion of privacy under current Ohio law, Plaintiffs must establish that:

(a) Defendant has unreasonably intruded upon their seclusion,

(b) Defendant has appropriated Plaintiffs' names or likenesses,

(c) Defendant has unreasonably publicized Plaintiffs' private lives, or

(d) Defendant has unreasonably placed Plaintiffs in a false light before the public.

A. *Intrusion Upon Plaintiffs' Seclusion*

In *Sustin, supra,* the Ohio Supreme Court stated that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy." *Id.* at 145, 431 N.E.2d 992–93 (*quoting,*

---

**2.** The Court quoted from Restatement (Second) of Torts § 652C (1975) only (pertaining to appropriation), as its primary concern in *Zacchini*

was the appropriation theory advanced by plaintiff.

Restatement (Second) of Torts § 652B (1977) ). However, "[t]he defendant is subject to liability . . . only when he has intruded into a private place, or has otherwise invaded a private seclusion." Restatement, *supra,* comment c.

Plaintiffs have not alleged that Defendant intruded into a private place or private seclusion; nor does it appear that Plaintiffs could. Rather, the photograph of which Plaintiffs complain clearly shows that policewoman Schantz and Plaintiffs were on a city sidewalk in plain view of the public eye. The Court believes that Plaintiffs have failed to set forth facts, which if true, would be necessary to establish an intrusion into Plaintiffs' privacy or seclusion.

B. *Appropriation of Plaintiffs Names or Likenesses*

■ In Ohio, the law protects "each individual['s] . . . exclusive use of his own identity" from misuse, *Zacchini, supra,* 47 Ohio St.2d at 229, 351 N.E.2d at 458, whether the misuse is for commercial purposes or not. "[T]he fundamental wrong is the appropriation for one's self of the benefit of anothers name, likeness, or identity, and the wrong is the same whether or not that benefit is pecuniary." *Id.*

■ However, in order to state a cause of action for invasion of privacy by appropriation, something more than incidental publication of name or likeness must be alleged. Rather, "defendant must have appropriated to his own use or benefit the reputation, prestige, social or commercial standing, public interest or other values of the plaintiff's name or likeness." Restatement, *supra,* comment c. Thus, in order to state a cause of action for invasion of privacy by appropriation, the complaint must allege that plaintiff's name or likeness has some intrinsic value, which was taken by defendant for its own benefit, commercial or otherwise.

Although in the instant case Plaintiffs have alleged that Defendant purposely exploited them (*see,* Complaint, ¶ 9), and that they have been "humiliated, annoyed, disgraced, [and] exposed to public contempt and ridicule," (Complaint, ¶ 10), Plaintiffs have not given any indication that their likenesses have value in and of themselves which could be taken by someone else for his or her benefit. Plaintiffs have not alleged that their names or identities were publicized. Moreover, Plaintiffs have set forth no facts in support of their allegation that they have been "exposed to public contempt and ridicule." *Id.* In sum, the Court simply does not believe that the facts, if taken as true, could establish an appropriation of Plaintiffs names or likenesses so as to constitute an invasion of privacy.

C. *Unreasonable Publicity Given to Plaintiffs' Private Lives*

As set forth in the Restatement (Second) of Torts § 652D,

> One who gives publicity to a matter concerning the *private life* of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
>
> (a) would be highly offensive to a reasonable person, and
>
> (b) is not of legitimate concern to the public.

(emphasis added).

However, "[t]here is no liability when the defendant merely gives further publicity to information about the plaintiff that is already public . . . . Similarly, there is no liability for giving further publicity to what the plaintiff himself leaves open to the public eye." Restatement, *supra,* comment b. *See also, Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 493–94, 95 S.Ct. 1029, 1045, 43 L.Ed.2d 328 (1975) (citing Restatement (Second) of Torts § 652D comment b, with approval).

Thus, in order to state a cause of action for publication of facts concerning his private life, plaintiff must establish that the matter publicized was not left open to the public eye, but rather, was truly a matter of his private concern only. In the instant case, Plaintiffs have not alleged any facts which would lead to a conclusion that Plain-

**14**

tiffs were engaged in a purely private activity while being photographed with policewoman Schantz. Instead, the photograph itself shows that Plaintiffs were in the "public eye" when they were photographed. The Court concludes that Plaintiffs have not alleged any facts which, if taken as true, would support the theory of invasion of privacy by publication of facts concerning Plaintiffs' private lives.

### D. *Publicity Which Places Plaintiffs in a False Light Before the Public*

The fourth kind of conduct which constitutes an invasion of privacy occurs when a defendant publishes information "that places the other before the public in a false light." Restatement, *supra*, § 652E; *Sustin, supra. See also, Cantrell v. Forest City Publishing Co.*, 419 U.S. 245, 248, 95 S.Ct. 465, 468, 42 L.Ed.2d 419 (1974) (note 2). In order to establish a cause of action, "it is essential ... that the matter published concerning the plaintiff is *not true.*" Restatement, *supra*, § 652E, comment a (emphasis added).

Plaintiffs have failed to allege any facts in the instant case which, if taken as true, would indicate that the photograph was in any way not a true representation of Plaintiffs, or that any false characteristics or conduct were attributed to Plaintiffs by Defendant. The Court finds that Plaintiffs have simply not alleged that the photograph taken with Schantz depicts them in a "false light."

### III. *Conclusion*

For the reasons stated above, the Court concludes that Plaintiffs have failed to state a cause of action for invasion of privacy, under any of the four separate theories recognized by Ohio law. Accordingly, Defendant's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is granted, and the instant case is hereby dismissed in its entirety, and ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.