[Cite as *Jones v. Ohio Bur. of Workers' Comp.*, 2011-Ohio-1855.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SANDRA JONES

    Plaintiff

    v.

OHIO BUREAU OF WORKERS'
COMPENSATION

    Defendant
    Case No. 2010-09990

Judge Joseph T. Clark

DECISION

{¶ 1} On September 15, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On December 30, 2010, plaintiff filed a response with leave of court. On January 10, 2011, defendant filed a motion for leave to file a reply, which is GRANTED instanter. On January 14, 2011, the court conducted an oral hearing on defendant's motion for summary judgment.

{¶ 2} The basis for defendant's motion is that plaintiff lacks standing to sue in this matter. "Lack of standing challenges a party's capacity to bring an action and is properly raised by a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Cramer v. Javid*, Franklin App. No. 10AP-199, 2010-Ohio-5967, ¶10. Therefore, defendant's motion shall be construed as a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 3} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all

reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190. Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling her to recovery. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242.

{¶ 4} According to the complaint, plaintiff filed a claim with defendant for workers' compensation benefits in April 2007. Plaintiff states that defendant learned in November 2007 that one of its employees had secretly and improperly provided a private investigator, Stedson McIntyre, with information from claimants' files for several years and that plaintiff was one of the claimants whose information was furnished to McIntyre. According to plaintiff, McIntyre had been hired by her employer to investigate her claim.

{¶ 5} Plaintiff states that defendant subsequently sent her a letter to notify her that her claim information had been improperly accessed. The letter stated, in part, that "[t]he records accessed contained personal information from your claim, including your address and social security number," and that "[d]efendant believes it is important to notify you regarding this incident and inform you of the potential exposure for identity theft." Plaintiff states that as a result of receiving defendant's letter and learning that her claim information had been compromised, she retained the services of Lifelock, a credit monitoring company, and also suffered mental distress.

{¶ 6} Plaintiff brings this action on behalf of herself and others similarly situated. Plaintiff asserts claims of negligence and invasion of privacy, and seeks damages for the "heightened risk of identity theft," the cost of professional credit monitoring services, "aggravation, distress, [and] anxiety." Defendant argues that plaintiff lacks standing to sue because she did not suffer an injury in fact.

{¶ 7} "Elements of standing are an indispensable part of a plaintiff's case. *Lujan v. Defenders of Wildlife* (1992), 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L. Ed. 2d 351. Initially, the plaintiff must have suffered an injury in fact, defined as an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent, not hypothetical or conjectural. Id. at 560." *Bourke v. Carnahan*, 163 Ohio App.3d 818, 2005-Ohio-5422, ¶10.

{¶ 8} "That a suit may be a class action * * * adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that

they personally have been injured, not that injury has been suffered by other unidentified members of the class to which they belong and which they purport to represent." *Woods v. Oak Hill Community Med. Ctr.* (1999), 134 Ohio App.3d 261, 269, citing *Simon v. E. Ky. Welfare Rights Org.* (1976), 426 U.S. 26, 40, fn. 20.

{¶ 9} "In the identity theft context, courts have embraced the general rule that an alleged increase in risk of future injury is not an 'actual or imminent' injury. Consequently, courts have held that plaintiffs do not have standing, or have granted summary judgment for failure to establish damages in cases involving identity theft or claims of negligence and breach of confidentiality brought in response to a third party theft or unlawful access to financial information from a financial institution." *Key v. DSW, Inc.* (2006), 454 F.Supp.2d 684, 689. (Citations omitted.)

{¶ 10} Accordingly, to the extent that the damages alleged by plaintiff include a risk of future harm and the cost of credit monitoring, which aims to prevent future harm, such damages are hypothetical and do not confer standing to sue in this matter. See *Kahle v. Litton Loan Servicing LP* (2007), 486 F.Supp.2d 705; *Kulpa v. Ohio Univ.* (Sept. 13, 2007), Ct. of Cl. No. 2006-04202.

{¶ 11} However, as previously stated, plaintiff's alleged damages also include mental distress occasioned upon her learning that her claim information had been improperly accessed. Plaintiff asserts that her mental distress alone is sufficient to confer standing to pursue a claim for invasion of privacy.[1]

{¶ 12} The "wrongful intrusion" type of invasion of privacy, upon which plaintiff premises her claim, is defined as "the wrongful intrusion into one's private activities in such a manner as to outrage or cause *mental suffering*, shame or humiliation to a person of ordinary sensibilities."[2] *Housh v. Peth* (1956), 165 Ohio St. 35, paragraph two of the syllabus. (Emphasis added.) "The interest protected is primarily a mental one rather than economic or pecuniary. * * * Actual damage is not necessary." *LeCrone v.*

---

[1] Plaintiff's complaint does not support a claim for negligent infliction of emotional distress inasmuch as such claims are limited to instances "where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril." *Heiner v. Moretuzzo*, 73 Ohio St.3d 80, 86-87, 1995-Ohio-65.

[2] Four types of invasion of privacy are recognized under Ohio law: 1) wrongful intrusion upon the seclusion of another; 2) public disclosure of one's private affairs; 3) unwarranted appropriation of one's personality; and 4) publicity that places another in a false light. See *Housh*, supra; *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, syllabus.

*Ohio Bell Telephone Co.* (1963), 120 Ohio App. 129, 131-32; see also Restatement (Second) of Torts, § 652H (1977) (A plaintiff who has established an unlawful invasion of privacy is entitled to recover damages for "harm to his interest in privacy," "mental distress" resulting from the invasion, and "special damage of which the invasion is a legal cause").

{¶ 13} However, even if plaintiff were to have standing to bring a claim of wrongful intrusion, a defendant is subject to liability for this tort "only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." *York v. Gen. Elec. Co.* (2001), 144 Ohio App. 3d 191, 194, quoting Restatement of the Law 2d, Torts (1977), Section 652(B), comment c. "The 'intrusion' tort is not dependent upon publicity of private matters, but is akin to trespass in that it involves intrusion or prying into the plaintiff's private affairs. Examples would be wiretapping, watching or photographing a person through windows of his residence, and the kind of harassing collection practices involved in *Housh v. Peth*, supra." *Killilea v. Sears, Roebuck & Co.* (1985), 27 Ohio App.3d 163, 166.

{¶ 14} Plaintiff does not allege that defendant perpetrated an intrusion into the sphere of any private seclusion which she had placed about her person or affairs. Rather, defendant possessed plaintiff's claim information from the beginning and thus cannot be said to have invaded plaintiff's private affairs. See *Biddle v. Warren Gen. Hosp.* (March 27, 1998), Trumbull App. No. 96-T-5582.

{¶ 15} While plaintiff's invasion of privacy claim involves an alleged disclosure of private information, plaintiff also fails to state a claim for the "public disclosure of private facts" type of invasion of privacy. This tort requires, inter alia, a disclosure "of a public nature," which means a communication "to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge as opposed to 'publication' as that term of art is used in connection with liability for defamation as meaning any communication by the defendant to a third-party." *Killilea*, supra. Plaintiff's allegations concern a lone, covert publication to McIntyre, not a publication to the public at large or a publication substantially certain to become public knowledge.

**{¶ 16}** Based upon the foregoing, the court finds that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendant's motion shall be granted such that plaintiff's complaint shall be dismissed pursuant to Civ.R. 12(B)(6).

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SANDRA JONES

    Plaintiff

    v.

OHIO BUREAU OF WORKERS'
COMPENSATION

    Defendant
    Case No. 2010-09990

Judge Joseph T. Clark

<u>ENTRY OF DISMISSAL</u>

An oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED such that plaintiff's complaint is DISMISSED pursuant to Civ.R. 12(B)(6). Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Emily M. Simmons                          Frank L. Gallucci III
Randall W. Knutti                         55 Public Square, Suite 2222
Assistant Attorneys General               Cleveland, Ohio 44113
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

John P. Hurst
W. Craig Bashein
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113-2216

RCV/cmd/Filed March 23, 2011/To S.C. reporter April 12, 2011