[Cite as *Stephenson v. Ohio State Univ. Veterinary Hosp.*, 2011-Ohio-4778.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM E. STEPHENSON

    Plaintiff

    v.

OHIO STATE UNIVERSITY VETERINARY HOSPITAL

    Defendant

    Case No. 2010-12141-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff filed an initial and an amended complaint listing the following causes of action: invasion of privacy, intrusion of solitude, public disclosure of private facts, false light, and appropriation. Plaintiff is seeking damages in the amount of $2,500.00 for "mental suffering, shame, humiliation to ordinary sensibilities without plaintiff's authorization to do so. Subjection of plaintiff to hate, thievery, rejection of employment, distress, invasions of right to protected privacy." Plaintiff seemingly asserted in his complaint that he was subject to intrusion via "contrast enhanced imaging" of his body, "publicity of private affairs, use of restroom," and some type of alteration in his "speech frequency production" from the "skull and throat regions" by defendant, The Ohio State University Veterinary Hospital (OSUVH).

{¶2} On February 11, 2011, defendant filed an investigation report explaining plaintiff had filed numerous lawsuits of a similar nature in U.S. District Court, and arguing that plaintiff's complaint should be dismissed as frivolous.

{¶3} On February 15, 2011, plaintiff filed a response to defendant's investigation report stating that the issues raised in the prior federal lawsuits were totally

separate from the matters alleged in this complaint. Plaintiff claimed defendant's method of research violated his privacy and that defendant broke into plaintiff's storage unit and placed "RF particles in/on all of his clothing items."

{¶4} On March 8, 2011, the case was transferred to the judicial docket in order for the court to rule on plaintiff's motions for a temporary restraining order or a preliminary injunction. On May 20, 2011, the motions were denied and the case was transferred to the administrative docket for determination.

{¶5} The "wrongful intrusion" type of invasion of privacy, upon which plaintiff premises his claim, is defined as "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."[1] *Housh v. Peth* (1956), 165 Ohio St. 35, 59 O.O. 60, 133 N.E. 2d 340, paragraph two of the syllabus. "The interest protected is primarily a mental one rather than economic or pecuniary. * * * Actual damage is not necessary." *LeCrone v. Ohio Bell Telephone Co.* (1963), 120 Ohio App. 129, 131, 28 O.O. 2d 374, 201 N.E. 2d 533; see also Restatement (Second) of Torts, § 652H (1977) (A plaintiff who has established an unlawful invasion of privacy is entitled to recover damages for "harm to his interest in privacy," "mental distress" resulting from the invasion, and "special damage of which the invasion is a legal cause").

{¶6} However, a defendant is subject to liability for this tort "only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." *York v. Gen. Elec. Co.* (2001), 144 Ohio App. 3d 191, 194, 759 N.E. 2d 865, quoting Restatement of the Law 2d, Torts (1977), Section 652(B), comment c. "The 'intrusion' tort is not dependent upon publicity of private matters, but is akin to trespass in that it involves intrusion or prying into the plaintiff's private affairs. Examples would be wiretapping, watching or photographing a person through windows of his residence, and the kind of harassing collection practices involved in *Housh v. Peth*, supra." *Killilea v. Sears, Roebuck & Co.* (1985), 27 Ohio App.3d 163, 166, 27 OBR 196, 499 N.E. 2d 1291.

{¶7} Plaintiff seemingly alleges defendant engaged in electronic surveillance

---

[1] Four types of invasion of privacy are recognized under Ohio law: 1) wrongful intrusion upon the seclusion of another; 2) public disclosure of one's private affairs; 3) unwarranted appropriation of one's personality; and 4) publicity that places another in a false light. See *Housh*; *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, syllabus.

and perhaps committed some type of imaging of his body parts in some unexplained fashion. In essence, plaintiff states defendant perpetrated an intrusion into his very being and attached electronic radio frequency devices to his clothing. Plaintiff has failed to provide any evidence to substantiate his claims.

{¶8} Moreover, plaintiff also fails to state a claim for the "public disclosure of private facts" type of invasion of privacy. This tort requires, inter alia, a disclosure "of a public nature," which means a communication "to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge as opposed to 'publication' as that term of art is used in connection with liability for defamation as meaning any communication by the defendant to a third-party." *Killilea* at 166. Plaintiff's allegations do not name any example of public disclosure by defendant to the public at large or some other form of publication substantially certain to become public knowledge.

{¶9} The Supreme Court of Ohio has recognized the tort of false-light invasion of privacy and adopted Restatement of the Law 2d, Torts, Section 652E. *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, ¶61. The court held that "one who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."

{¶10} In *Welling,* the court warned that the "requirements imposed by the Restatement make a false-light claim difficult to prove." at ¶51. The court emphasized that "the statement made must be untrue [and] the information must be "publicized," which is different from "published." at ¶52.

{¶11} According to the explanation offered by the Restatement of the Law 2d, Torts, Section 652D, Comment a, "'[p]ublicity,' as it is used in this Section, differs from 'publication,' as that term is used * * * in connection with liability for defamation. 'Publication,' in that sense, is a word of art, which includes any communication by the defendant to a third person. 'Publicity,' on the other hand, means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.

The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of a communication that reaches, or is sure to reach, the public."

{¶12} In addition, the court in *Welling* explained as follows:

{¶13} "The rule stated in this Section applies only when the publicity given to the plaintiff has placed him in a false light before the public, of a kind that would be highly offensive to a reasonable person. In other words, it applies only when the defendant knows that the plaintiff, as a reasonable man, would be justified in the eyes of the community in feeling seriously offended *and aggrieved by the publicity.* * * * The plaintiff's privacy is not invaded when the unimportant false statements are made, even when they are made deliberately. It is only when there is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position, that there is a cause of action for invasion of privacy.' Restatement of the Law 2d, Torts, Section 652E, Comment c." *Welling* at ¶55. (Emphasis added.)

{¶14} Defendant contends that plaintiff's allegations are irrational, delusional, and have no basis in fact. The court finds that plaintiff's complaint is vague, confusing, and devoid of any statements which were published by defendant and placed plaintiff in a false light. Indeed, plaintiff's complaint fails to offer anything other than plaintiff's own cryptic assertions in support of his allegations against defendant. In addition, plaintiff failed to prove that defendant appropriated any of his personal property or belongings.

{¶15} Based upon the foregoing, the court finds that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM E. STEPHENSON

Plaintiff

v.

OHIO STATE UNIVERSITY VETERINARY HOSPITAL

Defendant

Case No. 2010-12141-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

William E. Stephenson
61 East Mound Street
Columbus, Ohio  43215

Kimberly C. Shumate
The Ohio State University
1590 N. High Street, Suite 500
Columbus, Ohio  43201

SJM/laa
6/1
Filed 6/15/11
Sent to S.C. reporter 9/21/11